# EXHIBIT 7

# BRAFMAN & ASSOCIATES, P.C.

ATTORNEYS AT LAW

767 THIRD AVENUE

26TH FLOOR

NEW YORK, NEW YORK 10017

TELEPHONE: (212) 750-7800

FACSIMILE: (212) 750-3906

E-MAIL: BBRAFMAN@BRAFLAW.COM

BENJAMIN BRAFMAN

JENNIFER A. LIANG
ANDREA ZELLAN
BRIAN E. KLEIN
KAREN NEWIRTH

MARK M. BAKER
OF COUNSEL

May 9, 2007

**LEGAL MAIL TO BE OPENED**
**ONLY IN PRESENCE OF INMATE**
**VIA EXPRESS MAIL**
**PERSONAL & CONFIDENTIAL**
Mehdi Gabayzadeh
Inmate #68419-053
FCI - Fort Dix
P.O. Box 7000
Fort Dix, New Jersey 08640

Dear Mr. Gabayzadeh:

## A.    Introduction.

I want to take this opportunity to respond to your letters of April 4, 2007 and April 23, 2007. In those letters you "demand"that I provide you with copies of all of my firm's records of billable hours (including a breakdown of billable hours of time, etc.); and you further request proof that my firm reviewed thousands of documents and arranged for interviews of various witnesses. You also assert that if I fail to comply with your demands, you will file some type of unspecified attorney grievance against me.

You are, of course, free to present any complaint you have with any appropriate disciplinary authority. I stand ready to advise such an authority of the facts and circumstances of my firm's representation of you. My response would demonstrate that at all times I and my firm acted competently and diligently in representing you. Furthermore my response would demonstrate that I have no legal or ethical responsibility to spend thousands of dollars of my firm's resources compiling a summary of my firm's work in your case, particularly, given the fact that when you substituted the firm of Perini and Hoerger for this firm in 2004, you then

BRAFMAN & ASSOCIATES, P.C.

owed this firm approximately $350,000.00, pursuant to a fixed fee agreement.

To fully review your entire file and to summarize all the work performed, would cost a substantial amount of time and effort in attorney and paralegal time. It is my view – and the view of an independent ethics expert with whom I have consulted that – that I have no legal obligation to prepare a summary of the work performed, including a summary of the witnesses interviewed, unless you:   1) pay your outstanding balance of approximately $350,000; and 2) forward to me a payment of at least $15,000.00 to secure payment for time which would be expended in preparing a summary of the work performed in your case.[1]  Should you pay my firm your unpaid legal balance and should you pay my firm for the time to be spent in preparing a summary of the work performed, I stand ready to provide you with the materials you request.

Having provided the short answer to your requests for a <u>summary</u> of the work performed by my firm, my comments below are addressed to several larger issues.

## B.   The History Of My Firm's Representation Of You.

Although it is not clear from your two letters, it appears that you are seeking to somehow challenge your current fifteen year prison sentence, by arguing that my firm did not adequately represent you at the time of your sentence. Although I am not required to do so, I do want to address that issue briefly.

I have attached to this letter, several hundred pages of materials which are easily printable from my firm's computer hard-drive system which reflect that I and my firm's legal staff competently, diligently and zealously represented you.[2]  In

---

[1] I am advised by my firm's outside ethics consultant that cases such as <u>Sage Realty Corp. V. Proskauer Rose Goetz & Mendelson</u>, 91 N.Y.2d 30 (1997), stand for the proposition that a client is not entitled to a copy of his or her <u>file</u> if the client still owes the attorney money; and, the client is responsible for any assemblage and delivery charges in terms of producing the files to the client.  I am advised that the same principles articulated in the <u>Sage Realty</u> case apply to your request.

[2] Included within those enclosed documents are summary bills which were sent to you during the initial phase of my firm's representation of you during which you were billed by the hour.  The underlying "time sheets" from which those summary bills were prepared were handwritten time sheets that were not preserved <u>after</u> the completion of the matter, nor are they required to be maintained.  <u>See</u> 22 N.Y.C.R.R. Section 1200.46(d)(5) (attorney need only maintain for designated period the bills actually rendered to the client); New York County Lawyer's Association Opinion 725 (1998) (only case documents belonging exclusively to the client [such as a will or deed or other personal document] need be returned to the client at the conclusion of a lawyer's representation of a client); New York State Bar Association Opinion 623 (Nov. 7, 1991) (same).  Had you during the course of the representation or even months thereafter, asked for the "back up" for the bills you received, that back up would have been provided to you.  However, that backup documentation is

## BRAFMAN & ASSOCIATES, P.C.

addition to the attached documents, there are approximately 100 storage boxes of legal materials – containing tens of thousands of documents pertinent to you case – which my firm and Perini and Hoerger maintain in storage. I also note that your son John already has taken possession of many boxes of documents as well. All of these materials together, demonstrate that my firm capably represented you and in part, also reflect the work performed by my firm, the volume of materials we needed to review, as well as the firm that handled your trial. I invite your representative to contact my firm and I will allow those documents to be reviewed under supervision (with the costs of delivery from storage and the costs of supervision to be paid by you in advance).

As you are aware, Perini & Hoerger, the law firm which represented you at your trial, currently has tens of thousands of documents maintained in approximately 60 boxes relating to your case. Those boxes include work performed by my firm. The majority of documents contained in those 60 boxes were turned over to the Perini & Hoerger by my firm at your request, in April of 2004 when you hired that firm to replace my firm to represent you in the continuing pre-trial and trial phases of your Federal criminal case. It is also my further understanding that the Perini & Hoerger firm gave your son John, many additional boxes of materials. I assume that John still maintains those files and they too are reflective of work performed by my firm and the Perini firm.

Although I am not in a position to detail the specifics of the work performed by my firm – and could not do so without a costly a review of the tens of thousands of case documents – suffice it to say that:

* **During the course of my firm's representation of you, work was performed in a variety of areas that**

---

simply no longer available, so many years <u>after</u> the end of my firm's representation of you – which is the very <u>first</u> time you made any request for information relating to the specifics of the work performed in your case, at a time when we billed you on an hourly basis.

Finally, let me remind you that my firm is not obligated to provide you with any form of financial "accounting" of the work for the fees received <u>beyond</u> the bills you received when you were an hourly client. Please remember that you initially retained my firm with the understanding that it would bill you on an hourly basis for the work that we were to perform on your behalf at the rates set out in the original Agreement. In October of 2002, several months after my firm was initially retained to represent you on an hourly basis, at your request, your case was converted to a <u>fix fee</u> matter (for which no accounting is due to you for services rendered). Also, in April of 2004, more than three years ago, after being competently represented by my firm – you replaced my firm with Perini & Hoerger who handled your trial. Thereafter, following your conviction, you again retained my firm to represent you on a <u>fixed</u> fee basis at the post-conviction stage. Again, my firm's representation of you at that post-conviction stage was on a fixed fee basis and for which you are not entitled to an accounting. Copies of a computer printout of the various Retainer Agreements are included with the materials I am providing.

*(handwritten note in left margin)* Note ✱

*(handwritten at bottom)* ⟶ ACKNOWLEDGMENT OF FIXED FEE
AGREEMENT – OCTOBER 2002

BRAFMAN & ASSOCIATES, P.C.

extended far beyond the purely criminal aspect of the
case. As you know, you were facing far more than
just a criminal investigation being conducted by the
United States Attorney for the Eastern District of New
York. For example, there was a pending Bankruptcy
Proceeding against American Tissue that was being
litigated before Judge Burton R. Lifland in the United
States Bankruptcy Court for the Southern District of
New York. My firm was required to review voluminous
files in connection with those proceedings to
determine their impact on the criminal case.

- There were also various other civil litigations pending
against you in New York and Chicago. My firm had to
communicate on your behalf with more than a dozen
law firms in order to keep abreast of these matters
which at first you insisted on trying to defend on the
merits. While we ultimately referred you to civil
counsel to handle these litigations, my firm also had
to work with that firm as well, because my primary
concern was how these related litigations would
impact on the criminal investigation in the Eastern
District of New York.

- My firm was required to participate in and monitor not
only multiple civil litigations that were being filed
against you on a regular basis, but my firm's staff also
had to review and respond to a Complaint filed
against you by the Securities and Exchange
Commission.

- My firm was also required to review the ongoing
bankruptcy proceedings in which you figured very
prominently. Although my firm was ultimately able to
refer some of these legal matters to other lawyers who
then undertook primary responsibility for monitoring
those proceedings, all of the issues in those cases
were passed through my firm at some point, because
they all impacted in some fashion on the Eastern
District of New York criminal investigation.

BRAFMAN & ASSOCIATES, P.C.

- My firm conducted a professional and competent fact investigation of your case. The attached documents include some of the important witnesses who were debriefed by my firm during our service as your counsel. These memoranda were retrieved off of computers at my firm that were easily downloaded. Other memoranda and documents reflecting work by my firm is available for your representatives to examine in the more than 100 banker size boxes of materials.

- The bail proceedings in your case represented another <u>major</u> commitment of time and resources by this firm. There was an extensive and hotly contested bail proceeding in April of 2003, when my associate, Jennifer Liang, Esq., and I spent several full days in Central Islip interviewing more than a dozen suretors and eventually persuading the Court to allow you to remain free on $5 million bail up until after you were convicted at trial when you were remanded. In connection with the bail proceeding alone, Jennifer and I had to review many financial records provided by the many suretors you produced, many of them were interviewed by us and then in our presence, by agents of the Federal Bureau of Investigation.

- Me and members of my staff also spent many hours working with Pernini and Hoerger after they were substituted as trial counsel in place of this firm, in order to ensure an orderly transition.

- Although my firm was replaced as your trial counsel, <u>you</u> <u>and</u> your family literally <u>pleaded</u> with me to come back into the case and serve as co-counsel with Perini and Hoerger to represent you at sentencing. I believe that it was because of the extraordinary efforts by my firm that you received only a 15 year sentence, as opposed to the possible life sentence which you would have received had the Court accepted the initial Guideline calculation arrived at by the Probation Department; or at the very least, the 20 year sentence

BRAFMAN & ASSOCIATES, P.C.

> **strongly recommended by the Government. The various members of your family who spoke to me subsequent to the sentencing, said quite openly that it was my efforts on your behalf at sentencing, that ultimately persuaded the Court that a 15 year sentence was more than adequate. In connection with those proceedings we also produced a massive Sentencing Memorandum on your behalf.**

After all is said and done, there is no question that my firm represented you capably and competently, and should you or your representative undertake a full review of the documents in this case, you will clearly see that to be true.

### C.    Conclusion.

It appears from the tone of your letters, that you intend to blame your conviction and/or your sentence on me in some manner; and/or that you hope to somehow recoup the fees paid to my firm by claiming that my firm did not represent you properly. I simply will not go along with such tactics.

The only one to blame for your conviction is **you**; and you most assuredly, are not entitled to any refund of fees. You committed the crimes for which you are incarcerated; my firm ably represented you during the pre-trial and sentencing phases; and your attempt to assess blame against my firm is part of the same mind set that caused you to commit the crimes in question and caused you to persist in your decision to proceed to trial, when all of your lawyers strongly urged you to plead guilty, as in our collective judgment, an acquittal was virtually impossible in view of the overwhelming evidence against you.

I will not undertake to review and summarize the many boxes of documents which reflect the work performed by my firm, nor do I have any legal obligation to do so. Of course, should your family choose to pay my firm for that factual review, and to pay my firm's outstanding balance, my firm stands ready to undertake that task.

I know that you are very bitter about the length of the sentence you received and I recognize that you feel the need to find someone to blame for the predicament you find yourself in. I hope that you one day will come to realize however that it was only because of my firm's extraordinary efforts on your behalf that you did not

BRAFMAN & ASSOCIATES, P.C.

receive an even more onerous sentence and that while we were your attorneys, we did our <u>best</u> to represent you.

Very truly yours,

Benjamin Brafman

Encl.

cc:    John Gabayzadeh
        (By facsimile [516-639-8333])

        Perini & Hoerger
        ( By facsimile [631-232-2344])

# EXHIBIT 8

| No. | Date | Hourly Payments |
|-----|------|-----------------|
| 1 | Feb. 25, 02 | $50,000.00 |
| 2 | Mar. 05, 02 | $50,000.00 |
| 3 | May 21, 02 | $80,100.00 |
| 4 | Jul. 12, 02 | $18,674.53 |
| 5 | Jul. 16, 02 | $25,000.00 |
| 6 | Aug. 12, 02 | $26,131.94 |
| 7 | Aug. 29, 02 | $41,945.00 |
| 8 | Oct. 07, 02 | $108,622.98 |
| 9 | Nov. 26, 02 | $41,145.00 |

Total                    $441.619.45

## GABAYZAL...H LEGAL FEES

| Wired Funds | P Brafman & Ross | A Deborah Schwartz | M Y Cohen Tauber Spievack & Wagner | E Kaplan & Katzberg | N Les Levine | T Meissner Kleinberg & Finkel | S Saul Bienenfeld | TO: Avi Moskowitz |
|---|---|---|---|---|---|---|---|---|
| $50,000 (2/20/02) | $50,000 (2/21/02) | $10,000 (4/12/02) | $25,000 (4/29/02) | $20,000 (3/19/02) | $10,000 (3/19/02) | $5,000 (4/12/02) | $5,000 (6/6/02) | $5,000 (6/6/02) |
| $50,000 (3/4/02) | $50,000 (3/4/02) | $3,306.79 (7/8/02) | $12,582.89 (6/4/02) | $1,150 (5/21/02) | | $481.18 (7/8/02) | | |
| $20,000 (3/19/02) | $80,100 (5/21/02) | | $20,000 (7/16/02) | $7,537.50 (7/8/02) | | | | |
| $10,000 (3/19/02) | $18,674.53 (7/12/02) | | | | | | | |
| $10,000 (4/10/02) | $25,000 (7/16/02) | | | | | | | |
| $5,000 (4/10/02) | $26,131.44 (8/12/02) | | | | | | | |
| $25,000 (4/26/02) | $41,945 (8/29/02) | | | | | | | |
| $81,250 (5/21/02) | 291,851.47 | | | | | | | |
| $12,582.89 (5/31/02) | | | | | | | | |
| $5,000 (6/4/02) | | | | | | | | |
| $5,000 (6/4/02) | | | | | | | | |

| Wired Funds | P<br>Brafman & Ross | A<br>Deborah Schwartz | Y | M<br>Cohen Tauber Spievack & Wagner | E<br>Kaplan & Katzberg | N<br>Les Levine | T<br>Meissner Kleinberg & Finkel | S<br>Saul Bienenfeld | T U:<br>Avi Moskowitz |
|---|---|---|---|---|---|---|---|---|---|
| $30,000 (7/3/02) | | | | | | | | | |
| $45,000 (7/9/02) | | | | | | | | | |
| $26,131.94 (8/5/02) | | | | | | | | | |
| $41,945 (8/29/02) | | | | | | | | | |

TOTAL FUNDS WIRED: ▓▓▓

TOTAL FUNDS PAID OUT: $416,909.33

DIFFERENCE OF FUNDS WIRED AND PAID: ▓

TOTAL PAID TO BRAFMAN & ROSS: $291,850.97

TOTAL PAID TO DEBORAH SCHWARTZ: $13,306.79

TOTAL PAID TO COHEN TAUBER SPIEVACK & WAGNER: $57,582.89

TOTAL PAID TO KAPLAN & KATZBERG: $28,687.50

TOTAL PAID TO LES LEVINE: $10,000.00

TOTAL PAID TO MEISSNER KLEINBERG & FINKEL: $5,481.18

TOTAL PAID TO SAUL BIENENFELD: $5,000.00

TOTAL PAID TO AVI MOSKOWITZ: $5,000.00



PAGE 04

BRAFMAN ROSS

10/07/2002  16:15    2127503906

From: FaxWire32      To: 9,1-815-327-6453      Tuesday, November 26, 11:39:19 2002

Dear: NDN LLC

This facsimile serves as notification of the following Outgoing Wire Transfer debited to your account number 7850716058 on 2002-11-26. If you have any questions, please contact your nearest Commerce Branch or call 1-800-YES-2000.

~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~   Outgoing Wire Transfer Information   ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~

Amount:      $41145
Beneficiary:    Benjamin Brafman P.C.
Account Number:    1010022996
Address:

Sender:
Bank Name:
ABA Number:   031201360
FRB Outgoing Confirmation Number:   20021126C1B7204F000176
Reference Number:   021126112916XI01
By Order Of:    Ndn, Llc
Account Number:   7850715058
Address:

Receiver Bank Name:
ABA Number:   021000018
Originator Bank:
Account Number:
Address:

Reference for Beneficiary: 3CDY-5G9K3C
Originator to Beneficiary:
Bank to Bank Information:
Miscellaneous Information:

~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~   END Outgoing Wire Transfer Information   ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~

THANK YOU FOR CHOOSING COMMERCE BANK.

# EXHIBIT 9

| No. | | Flat Fee Payments |
| --- | --- | --- |
| 1 | Jan. 21, 03 | $109,000.00 |
| 2 | Mar. 18, 03 | $ 64,740.00 |
| 3 | May 06, 03 | $ 65,044.00 |
| 4 | Jun. 11, 03 | $ 96,655.30 |
| 5 | Aug. 05, 03 | $ 3,125.00 |
| 6 | Aug. 25, 03 | $ 10,000.00 |
| 7 | Sep. 03, 03 | $ 1,948.75 |
| 8 | Oct. 22, 03 | $ 3,525.00 |
| 9 | Nov. 03, 03 | $100,000.00 (1) |
| 10 | Jan. 13, 04 | $ 50,000.00 |
| 11 | Jan. 26, 04 | $ 50,000.00 |
| 12 | Feb. 24, 04 | $ 50,000.00 |

(1) Verification has never been provided by Brafman or Schwartz as to whether this payment was for $100,000.00 or $50,000.00, and some confusion remains.

Total  $604,038.05



SPECIAL INSTRUCTIONS

SOURCE ACCOUNT:   000021815671 SAVINGS
AMOUNT OF WIRE:   109000.00
DATE OF REQUEST:   01/21/03   CITIBANK REF NUM: 0210480718   BANK FEE:   25.00
FEDERAL REF NUM: 20030121B1Q8022C007415   GLOBAL ID: G0030214959101

APPR: P5372800 WILKINSON,JOYCE A.   BANKER:  P9385431BINKLEY, CAROLYN
                                              P9361541 DARRELL, LENNOX A

F3 - SELECTION SCREEN     F5 - MAIN MENU     F6 - REPRINT     F9 - RETURNED

EA

R01 C001

Payment  $ 109,000  1/21/03

BR: 199          DOMESTIC MONEY TRANSFER          BUS: 000

01/21/03                  CITIBANK REFERENCE NUMBER:   0210480718

ORIGINATOR INFORMATION    EMA L KABBAIZADEH
                          181 KINGS PT RD
                          GREAT NECK NY 11024-2002

                          1  5164823068

BENEFICIARY INFORMATION   LAW OFFICES OF BENJAMIN BRAFMAN, PC

                          ACCOUNT: 1010022998

BENEFICIARY BANK          ABA#: 021000018
   INFORMATION            BANK OF NEW YORK

                               NY

ENTER - MORE  F3 - SELECTION SCREEN  F5 - MAIN MENU F6 - REPRINT F9 - RETURNED

R01 C001

**Commerce Bank**
**Domestic Wire Transfer**

* Approver's Name: Heather L Geigle

| Initiator: Shea C Dipley | Wire Status: Pending Branch Approval |
| * Initiator's Ext: 5493 | Date: 03/18/2003 |
| | Reference Number: 1017 |

| * Wire Amount | * Funds Verified? | * Customer's Bank Code | * Branch Bank Code | * Branch # |
|---|---|---|---|---|
| $64,740.00 | Yes | 0136 - NA | 0136 - NA | 541 |

## ORIGINATOR

| * Customer Name | * Customer Account Number |
|---|---|
| Kia Nill | 7855474073 |

## BENEFICIARY

| * Beneficiary Name | * Beneficiary Account Number |
|---|---|
| Benjamin Brafman, P.C. | 101 002 2998 |

## RECEIVING BANK

| * Receiving Bank Name | * ABA Number |
|---|---|
| Bank Of New York | 021000018 |

## SPECIAL INSTRUCTIONS

Further Credit Bank Name

Further Credit Comments (Max 70 Characters)

| CUSTOMER REQUESTING | APPROVED BY |
|---|---|

| Kia Nill | (Signature) | | (Signature) |

Payment : $ 64,740 00  3|18|03

05/06/03  TUE 10:06 FAX 201 437 6149        26TH ST. SAVINGS                              ☒004

**NYCB NEW YORK COMMUNITY BANK**

*Member FDIC*
*Queens County Savings Bank • CFS Bank*
*Richmond County Savings Bank • Roosevelt Bank*
*South Jersey Bank of Port Jarvis, Bank of New Jersey*

# OUTGOING WIRE TRANSFER AUTHORIZATION - BRANCH

Date: 5-6-03
From: Carlos Ryan
Branch: 164
Phone #: 212-132-1000

CONTROL NUMBER: 16405 663003

The following AVAILABLE FUNDS WITHDRAWAL was made from our customer's account with a credit offset to GL219020-110000 for the purpose of wiring funds to the beneficiary listed below

## PLEASE COMPLETE THE BELOW LISTED SECTIONS, AS APPLICABLE      BIL OF NYC

**A**  DOLLAR AMOUNT REQUESTED: $ 65,044.00
WRITTEN AMOUNT REQUESTED: Sixty five thousand forty four dollar 00/100 DOLLARS

**B**  NAME OF RECEIVING INSTITUTION: BANK OF New York
ADDRESS:
ROUTING/TRANSIT NUMBER (ABA): 021 000 018

**C**  NAME OF RECEIVING INSTITUTION:
*THIS SECTION IS FOR 3RD PARTY WIRES ONLY* ADDRESS:
ACCOUNT NUMBER:

**D**  FOR FURTHER CREDIT TO:
BUSINESS NAME: (IF THIS IS FOR A BUSINESS ACCOUNT, THE NAME OF THE BUSINESS SHOULD BE ENTERED) Benjamin Brafman, P.C.
ACCOUNT NUMBER: 401-002-2998
CREDIT ACCOUNT OF:
ACCOUNT NUMBER:
REFERENCE: Joseph Neissany

**E**  DEPOSITOR INFORMATION:
FULL NAME (PLEASE PRINT): (IF THIS IS FOR A BUSINESS ACCOUNT, THE NAME OF THE BUSINESS SHOULD BE ENTERED) Joseph Neissany
DAYTIME TELEPHONE NUMBER: 732-728-8397
ADDRESS (INCLUDING ZIP CODE): 4 N 32nd St  Bayonne NY 07002

THIS IS THE BANK'S AUTHORIZATION TO DEDUCT THE AMOUNT OF THE WIRED FUNDS, PLUS THE BANK'S
PREVAILING SERVICE CHARGE FROM MY ACCOUNT, LISTED HERE:       875 2 9570

I REPRESENT THAT THE INFORMATION ON THE FORM IS ACCURATE AND COMPLETE. THE BANK SHALL HAVE NO LIABILITY FOR ANY WIRE TRANSFER MADE IN ACCORDANCE WITH THE INFORMATION ON THE FORM, OR IF A WIRE TRANSFER DOES NOT OCCUR BECAUSE OF INACCURATE OR INCOMPLETE INFORMATION, THE UNAVAILABILITY FOR ANY REASON OF THE FUNDS FOR THE WIRE TRANSFER, OR FOR REASONS BEYOND THE BANK'S CONTROL. REQUESTS TO WIRE TRANSFER FUNDS RECEIVED ON SATURDAY, SUNDAY AND HOLIDAYS, OR AFTER 2:00 PM ON A BUSINESS DAY WILL BE TRANSACTED ON THE NEXT BUSINESS DAY.

DEPOSITOR'S SIGNATURE: Joseph Neissany                        DATE: 5/6/03

**F**  FOR BANK USE ONLY
PREPARER'S SIGNATURE: Carlos R                SUPERVISOR'S SIGNATURE: Deanna C Lewis
PREPARER'S NAME (PLEASE PRINT): Carlos Ryan      SUPERVISOR'S NAME (PLEASE PRINT): Deanna C Lewis
SECONDARY SUPERVISOR'S SIGNATURE ($100,000 AND OVER):
SECONDARY SUPERVISOR'S NAME (PLEASE PRINT):
FAX THIS COMPLETED FORM TO THE WIRE DEPARTMENT- (516) 683-4127
A CLEAR COPY OF THE SIGNATURE CARD OR FROM SCREEN, AND A COPY OF THE ACCOUNT HISTORY SHOWING THE WITHDRAWAL OF THE AMOUNT OF THE WIRE PLUS THE SERVICE CHARGE MUST ACCOMPANY THE OUTGOING WIRE TRANSFER AUTHORIZATION

WIRE DEPARTMENT ONLY
INPUT BY:          VERIFIED BY:          CONFIRMATION #          O/G VERIFIED BY:

PAYMENT $ 65,044.00  5/6/03
20030506

859-00859-B006-00859-      -001-1-03-0011-0101- -BY

JOHN GABAYZADEH
5 PHEASANT RUN
KINGS POINT NY   11024

!110241522057!

June 10 - July 9, 2003
Page 1 of 3

# Better Banking Statement

**Customer Service**
ServiceLine: 935-9935 from 212,
516, 716, 718 & 914 area codes.
Otherwise, call 1-800-935-9935.
Hearing impaired call 1-800-CHASETD

Primary Account Number:   859-0040240-85
Number of Checks Enclosed: 0

## OVERVIEW

### Deposit Accounts - JPMorgan Chase Bank ("Bank")

| Checking and Savings | Account Number | Opening Balance | Ending Balance |
|---|---|---|---|
| Better Banking Checking | 859-0040240-85 | $ 0.00 | $ 6.73 |
| High Yield Savings | 859-8056389-01 | $ 0.00 | $ 0.00 |
| Total | | $ 0.00 | $ 6.73 |

### THIS ENDS YOUR STATEMENT OVERVIEW

### Better Banking Checking     Account # 859-0040240-85     John Gabayzadeh

| Summary | | |
|---|---|---|
| Opening Balance | $ 0.00 | |
| Additions | $ 100,000.00 | Average Balance   $ 56.86 |
| Deductions | $ 99,993.27 | |
| Ending Balance | $ 6.73 | |

### Activity

| Date | Description | Additions | Deductions | Balance |
|---|---|---|---|---|
| 06/10 | Opening Balance | | | |
| 06/10 | Insufficient Funds Service Fee | | | $ 0.00 |
| 06/10 | Fee For Previous Statement Period (See Monthly Fee Section) | | $ 30.00 | $ 30.00 - |
| 06/11 | Incoming Funds Transfer B/O: Nourollah Elghanayan R | | $ 10.00 | $ 40.00 - |
| 06/11 | Funds Transfer Debit A/C: Benjamin Brafman, P.C. I | $ 100,000.00 | | $ 99,960.00 |
| 06/11 | Funds Transfer Debit A/C: Mahin Gabayzadeh | | $ 96,655.30 | $ 3,304.70 |
| 06/11 | Incoming Funds Transfer Fee | | $ 3,000.00 | $ 304.70 |
| 06/16 | CBC Purchase On 06/15; Card # **** 7431 | | $ 10.00 | $ 294.70 |
| | Ref# 704213556Wpbq510J; Indochine Rest. 00, New York, NY | | | |
| 06/16 | CBC Purchase On 06/15; Card # **** 7431 | | $ 91.00 | $ 203.70 |
| | Ref# 704602956257Whtz9; Flow 00, New York, NY | | | |
| 06/16 | CBC Purchase On 06/15; Card # **** 7431 | | $ 40.00 | $ 163.70 |
| | Ref# 704602956257Wha0B; Flow 00, New York, NY | | | |
| 06/18 | NYCE ATM Withdrawal On 06/14; Card # **** 7431 | | $ 38.00 | $ 125.70 |
| | Serial# 440517; 260 Madison @ 39St, New York, NY | | | |
| 06/19 | CBC Purchase On 06/16; Card # **** 7431 | | $ 101.50 | $ 24.20 |
| | Ref# 70468725961J94Wdy; Latitudes 00, Jamaica, NY | | | |
| 06/25 | CBC Purchase On 06/23; Card # **** 7431 | | $ 9.31 | $ 14.89 |
| | Ref# 70438455F6Vtb5B3N; Cvs #1963 00, Great Neck, NY | | | |
| 07/09 | Ending Balance | | $ 8.16 | $ 6.73 |
| | | | | $ 6.73 |

PAYMENT: $ 96,655 30
6/11/03

#0469 P.006#

SEP.10.2004 10:51

Mahin Gabayzadeh
5 Pheasant Run
Great Neck, NY  11024

1-2/210 862

960

Date  8/5/03

Pay to the order of  BRAFMAN & ROSS, P.C.                    $ 3,125 00

Three thousand one hundred and twenty five  Dollars

**CHASE**  JPMorgan Chase Bank
22 Grace Avenue
Great Neck, NY  11021

Memo

Mahin Gabayzadeh

1:021000021:86 200 297 6 36 5 " 0960

ORIGINAL
ADVICE OF DEBIT

P.O. Box 21239
Tampa, FL 33631-3339

in any correspondence

Originator's Date 03/08/25
Related Ref. No. CSB OF 03/08/25

WE DEBIT YOUR ACCOUNT NO    862002976365
FOR PAYMENT INDICATED       SAME DAY FUNDS

$10,000.00**

MAHIN GABAYZADEH
DEBORAH GABAYZADEH
5 PHEASANT RUN
GREAT NECK NY 11024

BENEFICIARY:
AC1010022998
LAW OFFICES OF BENJAMIN BRAFMAN, P

PAID THRU CHIPS TO:
BANK OF NEW YORK
48 WALL ST
NEW YORK NY 10005-2901

IMA:

Authorized Signature

ORIGINAL
ADVICE OF DEBIT   .

P.O. Box 31339
Tampa, FL 33631-3339

Our Ref. (TRN) NO.  0062700246ET
Please mention our Reference No. (TRN) in any corresponden
Originator's Date  03/09/03
Related Ref. No.  CSB  OF  03/09/03

WE DEBIT YOUR ACCOUNT NO   859004024065
FOR PAYMENT INDICATED       SAME DAY FUNDS

$1,948.75**

JOHN GABAYZADEH
5 PHEASANT RUN
KINGS POINT NY 11024

BENEFICIARY:
AC1010022998
LAW OFFICES OF BENJAMIN BRAFMAN

IMA:

PAID THRU CHIPS TO:
BANK OF NEW YORK
48 WALL ST
NEW YORK NY 10005-2901

Authorized Signature

age 3 of 5

Account #00003508046



10-22-03

**CUSTOMER ADVICE**

VIB VALLEY INDEPENDENT BANK

THIS IS TO ADVISE YOU THAT WE HAVE THIS DAY CREDITED/CHARGED YOUR ACCOUNT IN THIS BANK

B. BRAFMAN
20031002          $3,525.00

November 3, 2003

**VIA TELEFAX (212) 582-4700**
Debbie Schwartz
152 West 57th Street
24th Floor
New York, New York 10019

## RE: $157,846.00

Dear Ms. Schwartz:

     In response to your letter of November 3, 2003, please be advised that my firm takes the position that **$100,000.00** of the $157,846.00 you are presently holding was intended for legal fees due to this firm by Mehdi Gabayzadeh. Accordingly, I do not consent to your return of that portion of the funds to your client.

     Please call at your earliest convenience.

Very truly yours,

Benjamin Brafman

cc:    Mehdi Gabayzadeh *[Via Telefax 631-342-9777]*

01-13-04





# OUTGOING WIRE TRANSFER NOTIFICATION

MAHIN GABAYZADEH
OR JOHN GABAYZADEH
5 PHEASANT RUN

GREAT NECK , NY 11024-1522

Dear MAHIN GABAYZADEH:

In accordance with your instructions, the North Fork Bank account
# 5326036349 has been debited on 2004-01-26 for an Outgoing
Wire Transfer as detailed below.  Please note any fees that may
have been assessed to the account and adjust your records accordingly.

Sender Information:

| | |
|---|---|
| By Order of: | MAHIN GABAYZADEH |
| Sender Bank: | NORTH FORK BANK |
| Sender ABA: | 021407912 |
| Senders Reference # | 0107 |
| Receiver Bank: | BK OF NYC |
| Receiver Bank ABA: | 021000018 |
| Beneficiary Bank: | |
| Beneficiary Bank ABA: | |
| FRB  Reference #: | 20040126B1Q8432C000460 |

| | |
|---|---|
| Beneficiary: | LAW OFFICE OF BENJAMIN BRAFMAN PC |
| Beneficiary Account: | 1010022998 |
| Amount: | $50000.00 |
| Fee: | $0.00 |

Additional Information (If Applicable):

If you have any questions regarding this transaction, please contact
your local North Fork Bank Branch Office.

)19

Member FDIC

Equal Housing Lender

**NFB** NORTH FORK BANK 

## OUTGOING WIRE TRANSFER NOTIFICATION

MAHIN GABAYZADEH
OR JOHN GABAYZADEH
5 PHEASANT RUN

GREAT NECK , NY 11024-1522

Dear MAHIN GABAYZADEH:

In accordance with your instructions, the North Fork Bank account # 5326036349 has been debited on 2004-02-24 for an Outgoing Wire Transfer as detailed below. Please note any fees that may have been assessed to the account and adjust your records accordingly.

Sender Information:

| | |
|---|---|
| By Order of: | MAHIN GABAYZADEH |
| Sender Bank: | NORTH FORK BANK |
| Sender ABA: | 021407912 |
| Senders Reference # | 0123 |
| Receiver Bank: | BK OF NYC |
| Receiver Bank ABA: | 021000018 |
| Beneficiary Bank: | |
| Beneficiary Bank ABA: | |
| FRB Reference #: | 20040224B1Q8432C000384 |

| | |
|---|---|
| Beneficiary: | LAW OFFCS BENJAMIN BRAFMAN PC |
| Beneficiary Account: | 1010022998 |
| Amount: | $50000.00 |
| Fee: | $25.00 |

Additional Information (If Applicable):

CATEGORY: UNFILED/BEN BRAFMAN

If you have any questions regarding this transaction, please contact your local North Fork Bank Branch Office.

931

Member FDIC

Equal Housing Lender

# EXHIBIT 10

# BRAFMAN & ROSS, P.C.

ATTORNEYS AT LAW

767 THIRD AVENUE

26TH FLOOR

NEW YORK, NEW YORK 10017

TELEPHONE: (212) 750-7800

FACSIMILE: (212) 750-3906

February 11, 2004

## PERSONAL & CONFIDENTIAL

Mr. Mehdi Gabayzadeh
President and Chief Executive Officer
American Paper Corporation
300 Rabro Drive
Hauppauge, New York 11788

FOR PROFESSIONAL SERVICES RENDERED:

Trial Fee . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $500,000.00

Payment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -$50,000.00
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -$50,000.00

**BALANCE DUE** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **$400,000.00**

ONE MAJOR CASH PAYMENTS:

December 9, 2003 at 1:30 p.m. at Brafman's office:

$50,000 in cash paid personally to Brafman

767 Third Ave. 26th Floor
New York, N.Y. 10017

ONE MAJOR CASH PAYMENTS:

January 9, 2004 at 11:00 a.m. at Brafman's office:

$50,000 in cash paid personally to Brafman

767 Third Ave. 26th Floor
New York, N.Y. 10017

# EXHIBIT 11

KAPLAN & KATZBERG
ATTORNEYS AT LAW
767 THIRD AVENUE
26TH FLOOR
NEW YORK, N.Y. 10017

TELEPHONE
(212) 750-3100

FACSIMILE
(212) 750-8628

KENNETH J. KAPLAN
ROBERT F. KATZBERG
MAYO SCHREIBER, JR.

May 31, 2002

American Paper Corporation
300 Rabro Drive
Hauppauge, New York  11788
Attn:  Mehdi Gabayzadeh
          President and CEO

**FOR: PROFESSIONAL SERVICES RENDERED, April 30, 2002 to date.**

**RE:   Representation in connection with grand jury investigation and
          related civil and bankruptcy matters.**

Document review, draft correspondence and memoranda, personal and telephone conferences, all as detailed in the accompanying time sheets.

Total Partner's Time (16.75 Hours) at
$450.00 per Hour ............................................................$ 7,537.50

Balance Due ................................................................  $ 7,537.50

RFK:dsh

Robert F. Katzberg

(.6

# KAPLAN & KATZBERG
ATTORNEYS AT LAW
767 THIRD AVENUE
26TH FLOOR
NEW YORK, N.Y. 10017

KENNETH J. KAPLAN
ROBERT F. KATZBERG
────────
MAYO SCHREIBER, JR.

TELEPHONE
(212) 750-3100

FACSIMILE
(212) 750-8628

April 30, 2002

American Paper Corporation
300 Rabro Drive
Hauppauge, New York  11788
Attn:  Mehdi Gabayzadeh
        President and CEO

**FOR: PROFESSIONAL SERVICES RENDERED, March 13, 2002 to date.**

**RE:  Representation in connection with grand jury investigation and
related civil and bankruptcy matters,  March 13, 2002 to date.**

     Document review, draft correspondence and memoranda, personal and telephone conferences, all as detailed in the accompanying time sheets.

Total Partner's Time (47 Hours) at
$450.00 per Hour ................................................................$21,150.00

Less Retainer paid ............................................................. $20,000.00

Balance Due ................................................................. $  1,150.00

RFK:dsh

Robert F. Katzberg

LX

**KAPLAN & KATZBERG**
ATTORNEYS AT LAW
767 THIRD AVENUE
26TH FLOOR
NEW YORK, N.Y. 10017

TELEPHONE
(212) 750-3100

FACSIMILE
(212) 750-8628

KENNETH J. KAPLAN
ROBERT F. KATZBERG

MAYO SCHREIBER, JR.

August 29, 2002

American Paper Corporation
300 Rabro Drive
Hauppauge, New York 11788
Attn: Mehdi Gabayzadeh
President and CEO

**FOR:** PROFESSIONAL SERVICES RENDERED, July 25, 2002 to date.

**RE:** Representation in connection with grand jury investigation and related civil and bankruptcy matters.

Document review, personal and telephone conferences, all as detailed in the accompanying time sheets.

| | |
|---|---|
| Total Partner's Time (4.75 Hours) at $450.00 per Hour | $ 2,137.50 |
| Past Due from July 25, 2002 Statement | $ 2,057.00 |
| Past Due from June 28, 2002 Statement | $ 7,707.36 |
| Balance Due | $11,901.86 |

RFK:dsh

Robert F. Katzberg

10/04/2009

## KAPLAN & KATZBERG
### ATTORNEYS AT LAW
767 THIRD AVENUE
26TH FLOOR
NEW YORK, N.Y. 10017

TELEPHONE
(212) 750-3100

FACSIMILE
(212) 750-8828

KENNETH J. KAPLAN
ROBERT F. KATZBERG
MAYO SCHREIBER, JR.

October 1, 2002

American Paper Corporation
300 Rabro Drive
Hauppauge, New York 11788
Attn: Mehdi Gabayzadeh
President and CEO

## FOR: PROFESSIONAL SERVICES RENDERED, August 29, 2002 to date.

## RE: Representation in connection with grand jury investigation and related civil and bankruptcy matters.

Document review, personal and telephone conferences, all as detailed in the accompanying time sheets.

| | |
|---|---|
| Total Partner's Time (5 Hours) at $450.00 per Hour | $ 2,250.00 |
| Past Due from August 29, 2002 Statement | $ 2,137.50 |
| Past Due from July 25, 2002 Statement | $ 2,057.00 |
| Past Due from June 28, 2002 Statement | $ 7,707.36 |
| Total Past Due | $ 11,901.86 |
| Balance Due | $ 14,151.86 |

RFK:dsh

Robert F. Katzberg

L.9

KAPLAN & KATZBERG
ATTORNEYS AT LAW
767 THIRD AVENUE
26TH FLOOR
NEW YORK, N.Y. 10017

KENNETH J. KAPLAN
ROBERT F. KATZBERG

MAYO SCHREIBER, JR.

TELEPHONE
(212) 750-3100

FACSIMILE
(212) 750-8628

October 31, 2002

American Paper Corporation
300 Rabro Drive
Hauppauge, New York 11788
Attn: Mehdi Gabayzadeh
        President and CEO

# FOR: PROFESSIONAL SERVICES RENDERED, October 1, 2002 to date.

## RE:   Representation in connection with grand jury investigation and related civil and bankruptcy matters.

Document review, personal and telephone conferences, all as detailed in the accompanying time sheets.

| | |
|---|---:|
| Total Partner's Time (2.75 Hours) at $450.00 per Hour ……………………………………………………… | $ 1,237.50 |
| Past Due from August 29, 2002 Statement……………..……… | $ 2,137.50 |
| Past Due from July 25, 2002 Statement …………………………… | $ 2,057.00 |
| Total Past Due……………………………………………………… | $ 4,194.50 |
| Balance Due…………………………………………………………… | $ 5,432.00 |

+ 8 HOURS NOT
   BILLED , 3,600.00

RFK:dsh

Robert F. Katzberg

TOTAL = $9,032.00

10

## KAPLAN & KATZBERG
ATTORNEYS AT LAW
767 THIRD AVENUE
26TH FLOOR
NEW YORK, N.Y. 10017

KENNETH J. KAPLAN
ROBERT F. KATZBERG

MAYO SCHREIBER, JR.

TELEPHONE
(212) 750-3100

FACSIMILE
(212) 750-8628

October 31, 2002

American Paper Corporation
300 Rabro Drive
Hauppauge, New York 11788
Attn: Mehdi Gabayzadeh
President and CEO

# FOR: PROFESSIONAL SERVICES RENDERED, October 1, 2002 to date.

## RE: Representation in connection with grand jury investigation and related civil and bankruptcy matters.

Document review, personal and telephone conferences, all as detailed in the accompanying time sheets.

| | |
|---|---|
| Total Partner's Time (2.75 Hours) at $450.00 per Hour | $ 1,237.50 |
| Past Due from August 29, 2002 Statement | $ 2,137.50 |
| Past Due from July 25, 2002 Statement | $ 2,057.00 |
| Total Past Due | $ 4,194.50 |
| Balance Due | $ 5,432.00 |

RFK:dsh

Robert F. Katzberg

# KAPLAN & KATZBERG
### ATTORNEYS AT LAW
767 THIRD AVENUE
26TH FLOOR
NEW YORK, N.Y. 10017

KENNETH J. KAPLAN
ROBERT F. KATZBERG
MAYO SCHREIBER, JR.

TELEPHONE
(212) 750-3100

FACSIMILE
(212) 750-8628

January 24, 2003

## VIA TELECOPIER & FIRST CLASS MAIL
**(631) 342-9773**
American Paper Corporation
300 Rabro Drive
Hauppauge, New York  11788
Attn:  Mehdi Gabayzadeh
President and CEO

**FOR: PROFESSIONAL SERVICES RENDERED, October 31, 2002 to date.**

**RE:   Representation in connection with grand jury investigation and related civil and bankruptcy matters.**

Document review, personal and telephone conferences, all as detailed in the accompanying time sheets.

| | |
|---|---|
| Total Partner's Time (9.25 Hours) at $450.00 per Hour …………………………………………………… | $ 4,162.50 |
| Past Due from August 29, 2002 Statement………………………. | $ 2,137.50 |
| Past Due from July 25, 2002 Statement …………………………. | $ 2,057.00 |
| Past Due from October 31, 2002 Statement …………………………. | $ 5,432.00 |
| Total Past Due………………………………………………. | $ 4,194.50 |
| Balance Due………………………………………………. | $ 9,594.50 |

RFK:dsh

Robert F. Katzberg

# KAPLAN & KATZBERG
ATTORNEYS AT LAW
767 THIRD AVENUE
26TH FLOOR
NEW YORK, N.Y. 10017

KENNETH J. KAPLAN
ROBERT F. KATZBERG
MAYO SCHREIBER, JR.

TELEPHONE
(212) 750-3100

FACSIMILE
(212) 750-8428

## FAX TRANSMISSION SHEET

DATE: **5-30-03**

CC: Mehdi G.

TO: Tom Hill - American Paper

FROM: Robert Katzberg

RE: American Paper & Super Amart Tissue

FAX #: (760) 771- 5793

NUMBER OF PAGES (including cover sheet): 2

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS PRIVILEGED AND CONFIDENTIAL, AND IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL NAMED ABOVE AND OTHERS WHO HAVE BEEN SPECIFICALLY AUTHORIZED FOR RECEIPT. IF THE RECIPIENT IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS FACSIMILE IS STRICTLY PROHIBITED.

## KAPLAN & KATZBERG
### ATTORNEYS AT LAW
767 THIRD AVENUE
26TH FLOOR
NEW YORK, N.Y. 10017

KENNETH J. KAPLAN
ROBERT F. KATZBERG

MAYO SCHREIBER, JR.

TELEPHONE
(212) 750-3100

FACSIMILE
(212) 750-8628

May 30, 2003

## VIA TELECOPIER
(760) 771-5793
American Paper Corporation
300 Rabro Drive
Hauppauge, New York 11788
  Attn: Mr. Tom Hill

## FOR: PROFESSIONAL SERVICES RENDERED

### RE:  United States v. American Paper Corp.
###       and Super American Tissue, Inc., E.D.N.Y.

Third installment of flat fee pre-trial retainer.................................$ 25,000.00

RFK:dsh

Robert F. Katzberg

74

# KAPLAN & KATZBERG

ATTORNEYS AT LAW
767 THIRD AVENUE
26TH FLOOR
NEW YORK, N.Y. 10017

KENNETH J. KAPLAN
ROBERT F. KATZBERG
MAYO SCHREIBER, JR.

TELEPHONE
(212) 750-3100

FACSIMILE
(212) 750-8628

## FAX TRANSMISSION SHEET

DATE: 7-2-03

TO: Mehdi Gabayzadeh

FROM: Robert Katzberg

RE: Amer. Paper

FAX #: (631) 342-9777

NUMBER OF PAGES (including cover sheet): 2

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS PRIVILEGED AND CONFIDENTIAL, AND IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL NAMED ABOVE AND OTHERS WHO HAVE BEEN SPECIFICALLY AUTHORIZED FOR RECEIPT. IF THE RECIPIENT IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS FACSIMILE IS STRICTLY PROHIBITED.

KAPLAN & KATZBERG
ATTORNEYS AT LAW
767 THIRD AVENUE
26TH FLOOR
NEW YORK, N.Y. 10017

KENNETH J. KAPLAN
ROBERT F. KATZBERG

MAYO SCHREIBER, JR.

TELEPHONE
(212) 750-3100

FACSIMILE
(212) 750-8628

July 1, 2003

**VIA TELECOPIER**
**(631) 342-9777**
American Paper Corporation
300 Rabro Drive
Hauppauge, New York  11788
 Attn: Mehdi Gabayzadeh

**FOR: PROFESSIONAL SERVICES RENDERED**

**RE:**   **United States v. American Paper Corp.**
        **and Super American Tissue, Inc.,  E.D.N.Y.**

Fourth installment of flat fee pre-trial retainer...............................$ 25,000.00

RFK:dsh

Robert F. Katzberg

1b

# EXHIBIT 12

07/07/2005  17:00    2127503906                    BRAFMAN ROSS                              PAGE  01

# BRAFMAN & ASSOCIATES, P.C.

767 THIRD AVENUE, 26ᵀᴴ FLOOR
NEW YORK, NEW YORK 10017
TEL.(212)750-7800
FAX.(212)750-3906

## FACSIMILE TRANSMITTAL SHEET

| TO:<br>John Gabayzadeh | FAX NUMBER:<br>516-706-2352 |
|---|---|
| FROM:<br>Benjamin Brafman | FAX NUMBER:<br>212-750-3906 |
| DATE:<br>July 7, 2005 | TOTAL NO. OF PAGES INCLUDING COVER:<br>3 |
| RE: | |

☐ URGENT          ☐ FOR REVIEW          ☐ PLEASE COMMENT          ☐ PLEASE REPLY

This fax transmission is confidential and may contain attorney privileged information intended only for the use of the individual named above. If the reader of this fax is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone. Do not disclose its contents to anyone. Thank you.

# BRAFMAN & ASSOCIATES, P.C.

ATTORNEYS AT LAW

767 THIRD AVENUE

26TH FLOOR

NEW YORK, NEW YORK 10017

TELEPHONE: (212) 750-7800

FACSIMILE: (212) 750-3906

E-MAIL: BBRAFMAN@BRAFLAW.COM

MARK M. BAKER
OF COUNSEL

BENJAMIN BRAFMAN

JENNIFER A. LIANG
ANDREA ZELLAN
BRIAN E. KLEIN

July 7, 2005

**VIA REGULAR MAIL**
Mr. Joseph Neissany
41 West 33rd Street
Bayonne, New Jersey 07002

## RE: UNITED STATES v. MEHDI GABAYZADEH

Dear Mr. Neissany:

John Gabayzadeh has requested that I modify the terms of our recent retainer letter concerning our representation of Mehdi Gabayzadeh. Accordingly, set out below is our new modified agreement which shall remain in effect until such time as a further writing re-activates the initial retainer letter when and if necessary.

Thus, as opposed to handling both the sentencing and Mr. Gabayzadeh's appeal, I have now been asked to concentrate exclusively on preparing for Mr. Gabayzadeh's sentencing. We are to assist his attorneys of record, Penni and Hoerger, and also work with Joel Sickler. We will all continue to work on this case. Any of the fees discussed in this letter however, deal exclusively with fees due this firm.

In accordance with our revised agreement you have agreed to compensate this firm in the amount of **$200,000.00** for helping to prepare for the sentencing and for our participation in preparing a formal Sentencing Memorandum. You have, to date, paid **$150,000.00** towards that fee, with the understanding that the final payment of $50,000.00 is to be made on or before July 15, 2005.

79

07/07/2005  17:00    2127503906          BRAFMAN ROSS                    PAGE  03

## BRAFMAN & ASSOCIATES, P.C.

Thereafter, following Mr. Gabayzadeh's sentence, if you would like us to continue to assist in the preparation of an appeal from his conviction we will re-instate the terms of our original agreement which would call for the payment of an additional **$300,000.00** over and above the **$200,000.00** paid for the sentencing. Any such further agreement will be confirmed in a separate writing, if necessary. Absent any further written agreement, and full payment of the fees set herein our professional responsibility with respect to Mr. Gabayzadeh will terminate upon the imposition of sentence.

If this letter accurately sets out the terms of our understanding in connection with this matter please so indicate by signing a copy of this agreement where provided and returning it to me at your earliest convenience along with payment in the amount of **$50,000.00.**

Very truly yours,

Benjamin Brafman

**SIGNED AND AGREED TO:**

_____

**JOSEPH NEISSANY**

_____

**DATE**

cc:    John Gabayzadeh *[Via Telefax 516-829-3993]*



_4/28/2005  11:45    2127503906              BRAFMAN ROSS                    PAGE  01/05

# BRAFMAN & ROSS, P.C.

767 THIRD AVENUE, 26ᵀᴴ FLOOR
NEW YORK, NEW YORK 10017
TEL.(212)750-7800
FAX.(212)750-3906

## FACSIMILE TRANSMITTAL SHEET

| TO: | FAX NUMBER: |
|---|---|
| JOHN GABAYZADEH | 516-706-2352 |
| MATT EMOUNA | 516-8779112 |

| FROM: | FAX NUMBER: |
|---|---|
| BEN BRAFMAN | 212-750-3906 |

| DATE: | TOTAL NO. OF PAGES INCLUDING COVER: |
|---|---|
| APRIL 28, 2005 | 5 |

RE:

☐ URGENT       ☐ FOR REVIEW       ☐ PLEASE COMMENT       ☐ PLEASE REPLY

This fax transmission is confidential and may contain attorney privileged information intended only for the use of the individual named above. If the reader of this fax is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone. Do not disclose its contents to anyone. Thank you.

# BRAFMAN & ROSS, P.C.

**ATTORNEYS AT LAW**

767 THIRD AVENUE

26TH FLOOR

NEW YORK, NEW YORK 10017

TELEPHONE: (212) 750-7800

FACSIMILE: (212) 750-3906

*Cop, of chief attacks*

BENJAMIN BRAFMAN

CHARLES A. ROSS

CHRISTOPHER L. PADURANO

JENNIFER A. LIANG

ANDREA ZELLAN

BRIAN E. KLEIN

MARK M. BAKER

OF COUNSEL

April 28, 2005

**VIA FEDERAL EXPRESS**

Mr. Joseph Neissany

41 West 33rd Street

Bayonne, New Jersey 07002

## RE: UNITED STATES v. MEHDI GABAYZADEH

Dear Mr. Neissany:

I have been advised that you wish to retain this law firm to represent your brother-in-law **MEHDI GABAYZADEH** in connection with his sentencing <u>and</u> with the filing of his appeal to the United States Court of Appeals for the Second Circuit. As you are aware, Mr. Gabayzadeh was recently convicted in the United States Eastern District of New York of Bank Fraud and related offenses and his currently remanded without bail. This letter will set out the terms of our understanding in connection with these proceedings. By signing this letter you understand that you are personally guaranteeing that all of the fees set out herein will be paid in accordance with the schedule set out below.

Thus, in return for representing Mr. Gabayzadeh at his sentencing and for the preparation and argument of his appeal, you agree to pay this firm a flat fee of $500,000.00 (five hundred thousand dollars). It is understood that you will not be billed on an hourly basis for the work we perform in connection with these proceedings and that the $500,000.00 fee will constitute a flat fee for all of the work to be provided in accordance with the terms of this understanding, regardless of the number of hours actually required of this firm to fully represent Mr. Gabayzadeh in these proceedings.

04/28/2005  11:45    2127583986                     BRAFMAN ROSS                              PAGE  03/05

BRAFMAN & ROSS, P.C.

It is expressly understood that the law firm of Perini and Hoerger who represented Mr. Gabayzadeh at his trial are to continue as co-counsel of record and will participate in the preparation of all materials relating to sentencing and will be available to assist this firm in the preparation and perfection of his appeal to the United States Court of Appeals. Any fees to be paid to the firm of Perini and Hoerger are separate and apart from the fees you agree to pay this firm and no portion of the fees paid to this firm are to be used in any way to offset any fees incurred by or owed to the firm of Perini and Hoerger. It is expressly understood however that in agreeing to the fee of $500,000.00 I have factored, as an important factor, the continued involvement of Ray Perini and Maureen Hoerger to assist us in preparing the complex materials this case will require that we produce.

It is also understood that you will be billed for all out-of-pocket expenses incurred on a monthly basis and any such expenses are to be paid at the time the monthly invoice in question is presented. In addition, before the filing of the appeal in this case, all projected printing costs are to be paid in advance by depositing sufficient funds to cover those costs into an escrow account maintained by this firm. I will advise you of the amount we will need for those expenses when the size of the trial record and Appendix we will need to file is more fully understood. It is also understood that you will also pay the cost of any additional trial transcripts that need to be purchased and any such costs are deemed separate and apart from any of the fees discussed herein.

At your request I have agreed to the following schedule of payments through which $500,000.00 fee is to be paid, with the understanding that all payments are to be made on or before the dates set out below. Thus, upon execution of this agreement you are to now make an initial payment of $100,000.00 (one hundred thousand dollars). Thereafter you further agree to make additional payments of $100,000.00 each on June 10, 2005, August 10, 2005, September 10, 2005 and October 10, 2005. It is expressly understood that the personal participation of Benjamin Brafman in connection with the work to be undertaken in this case is expressly conditioned on the full $500,000.00 being paid in accordance with the schedule set out herein.

Finally, it is understood that in the event that an appeal of this case results in a reversal of Mr. Gabayzadeh's conviction, thereby requiring a new trial, substantial additional fees over and above the $500,000.00 discussed herein will be required in the event that you wish this firm to continue to represent Mr. Gabayzadeh in connection with any further proceedings. It is also understood that in the event an appeal of this conviction is not successful any further

BRAFMAN & ROSS, P.C.

appellate relief that may be available will also require additional fees to be paid over and above the $500,000.00 fee discussed herein, with the understanding that any further fees if necessary will be documented and confirmed in a separate retainer agreement to be prepared when and if it becomes necessary to do so at a later date.

As I have explained to Mr. Gabayzadeh's son, his son-in-law and to Matt Emouna, Esq. a close family friend and himself a highly experienced lawyer, it is very difficult to convince a Court of Appeals to reverse a jury verdict, especially in a significant prosecution that took many weeks for the case to be tried. Accordingly, it is expressly understood that while this firm assures you that we will do our very best in both the sentencing proceedings and in the filing of Mr. Gabayzadeh's appeal, we cannot and do not guarantee what the sentence in this case will be or the likelihood of the success of any appeal to follow. It is expressly understood therefore that the payment of the fees herein is not conditioned on our guaranteeing any specific result or sentence.

When forwarding these funds, you are assuring this firm that none of the funds provided for the payment of Mr. Gabayzadeh's legal fees are in any way derived from assets maintained by Mehdi Gabayzadeh or from funds that originated with Mehdi Gabayzadeh that were later transferred to you or through a third party to you.

Finally, it is agreed that in the event that Mehdi Gabayzadeh dies before the terms of this Agreement are fulfilled you will be excused from any further payment that has not been made up to that point, with the express understanding however, that all payments made up to that date are to be retained by this firm and deemed to have been fully earned even if Mr. Gabayzadeh's death precludes the filing of the appeal or, if already filed, requires us to withdraw the appeal. So too is it agreed that all fees paid to this firm will be deemed to be fully earned even if Mr. Gabayzadeh's untimely death occurs between the date of this Agreement and prior to Mr. Gabayzadeh's sentencing that is now scheduled for July 2005 with the understanding that upon his death no further work will be undertaken to perfect his appeal. Needless to say, we are hopeful and confident that Mr. Gabayzadeh will remain healthy throughout these proceedings and for many years after they have been completely resolved. This paragraph of our Agreement has been added at your specific request.

**RArMAN & ROSS, P.C.**

If this letter accurately sets out the terms of our understanding in
connection with this matter please so indicate by signing a copy of this
agreement where provided and returning it to me at your earliest convenience
along with your check in the amount of $100,000.00 made payable to Brafman &
Ross, P.C.

Very truly yours,

Benjamin Brafman

**SIGNED AND AGREED TO:**

JOSEPH NEISSANY

4/29/05
DATE

cc:    John Gabayzadeh [Via Telefax 516-829-3993]
       Matt Emouna [Via Telefax 516-877-9112]

# BRAFMAN & ROSS, P.C.

ATTORNEYS AT LAW

767 THIRD AVENUE

26TH FLOOR

NEW YORK, NEW YORK 10017

TELEPHONE: (212) 750-7800

FACSIMILE: (212) 750-3906

BENJAMIN BRAFMAN

CHARLES A. ROSS

———

CHRISTOPHER L. PADURANO

JENNIFER A. LIANG

ANDREA ZELLAN

BRIAN E. KLEIN

MARK M. BAKER
OF COUNSEL

April 21, 2005

## VIA FEDERAL EXPRESS

Mr. Joseph Neissany
41 West 33rd Street
Bayonne, New Jersey 07002

## RE: UNITED STATES v. MEHDI GABAYZADEH

Dear Mr. Neissany:

I have been advised that you wish to retain this law firm to represent your brother-in-law MEHDI GABAYZADEH in connection with his sentencing and with the filing of his appeal to the United States Court of Appeals for the Second Circuit. As you are aware, Mr. Gabayzadeh was recently convicted in the United States Eastern District of New York of Bank Fraud and related offenses and his currently remanded without bail. This letter will set out the terms of our understanding in connection with these proceedings. By signing this letter you understand that you are personally guaranteeing that all of the fees set out herein will be paid in accordance with the schedule set out below.

Thus, in return for representing Mr. Gabayzadeh at his sentencing and for the preparation and argument of his appeal, you agree to pay this firm a flat fee of $500,000.00 (five hundred thousand dollars). It is understood that you will not be billed on an hourly basis for the work we perform in connection with these proceedings and that the $500,000.00 fee will constitute a flat fee for all of the work to be provided in accordance with the terms of this understanding, regardless of the number of hours actually required of this firm to fully represent Mr. Gabayzadeh in these proceedings.

It is expressly understood that the law firm of Perini and Hoerger who represented Mr. Gabayzadeh at his trial are to continue as co-counsel of record

# BRAFMAN & ROSS, P.C.

and will participate in the preparation of all materials relating to sentencing and will be available to assist this firm in the preparation and perfection of his appeal to the United States Court of Appeals. Any fees to be paid to the firm of Perini and Hoerger are separate and apart from the fees you agree to pay this firm and no portion of the fees paid to this firm are to be used in any way to offset any fees incurred by or owed to the firm of Perini and Hoerger. It is expressly understood however that in agreeing to the fee of $500,000.00 I have factored, as an important factor, the continued involvement of Ray Perini and Maureen Hoerger to assist us in preparing the complex materials this case will require that we produce.

It is also understood that you will be billed for all out-of-pocket expenses incurred on a monthly basis and any such expenses are to be paid at the time the monthly invoice in question is presented. In addition, before the filing of the appeal in this case, all projected printing costs are to be paid in advance by depositing sufficient funds to cover those costs into an escrow account maintained by this firm. I will advise you of the amount we will need for those expenses when the size of the trial record and Appendix we will need to file is more fully understood. It is also understood that you will also pay the cost of any additional trial transcripts that need to be purchased and any such costs are deemed separate and apart from any of the fees discussed herein.

At your request I have agreed to the following schedule of payments through which $500,000.00 fee is to be paid, with the understanding that all payments are to be made on or before the dates set out below. Thus, upon execution of this agreement you are to now make an initial payment of $100,000.00 (one hundred thousand dollars). Thereafter you further agree to make additional payments of $100,000.00 each on June 10, 2005, August 10, 2005, September 10, 2005 and October 10, 2005. It is expressly understood that the personal participation of Benjamin Brafman in connection with the work to be undertaken in this case is expressly conditioned on the full $500,000.00 being paid in accordance with the schedule set out herein.

Finally, it is understood that in the event that an appeal of this case results in a reversal of Mr. Gabayzadeh's conviction, thereby requiring a new trial, substantial additional fees over and above the $500,000.00 discussed herein will be required in the event that you wish this firm to continue to represent Mr. Gabayzadeh in connection with any further proceedings. It is also understood that in the event an appeal of this conviction is not successful any further appellate relief that may be available will also require additional fees to be paid over and above the $500,000.00 fee discussed herein, with the understanding

**BRAFMAN & ROSS, P.C.**

that any further fees if necessary will be documented and confirmed in a separate retainer agreement to be prepared when and if it becomes necessary to do so at a later date.

As I have explained to Mr. Gabayzadeh's son, his son-in-law and to Matt Emouna, Esq. a close family friend and himself a highly experienced lawyer, it is very difficult to convince a Court of Appeals to reverse a jury verdict, especially in a significant prosecution that took many weeks for the case to be tried. Accordingly, it is expressly understood that while this firm assures you that we will do our very best in both the sentencing proceedings and in the filing of Mr. Gabayzadeh's appeal, we cannot and do not guarantee what the sentence in this case will be or the likelihood of the success of any appeal to follow. It is expressly understood therefore that the payment of the fees herein is not conditioned on our guaranteeing any specific result or sentence.

When forwarding these funds, you are assuring this firm that none of the funds provided for the payment of Mr. Gabayzadeh's legal fees are in any way derived from assets maintained by Mehdi Gabayzadeh or from funds that originated with Mehdi Gabayzadeh that were later transferred to you or through a third party to you.

If this letter accurately sets out the terms of our understanding in connection with this matter please so indicate by signing a copy of this agreement where provided and returning it to me at your earliest convenience along with your check in the amount of $100,000.00 made payable to Brafman & Ross, P.C.

Very truly yours,

Benjamin Brafman

**SIGNED AND AGREED TO:**

_____

**JOSEPH NEISSANY**

_____

**DATE**

cc:  John Gabayzadeh [Via Telefax 516-829-3993]

Matt Emouna [Via Telefax 516-877-9112]