Mehdi Gabayzadeh
Prison Number 68419-053
Fort Dix Prison
P.O. Box 2000
Fort Dix, NJ 08640

**PRO SE PRISONER PLAINTIFF**

```
+--------------------------------------+
| USDC SDNY                            |
| DOCUMENT                             |
| ELECTRONICALLY FILED                 |
| DOC #:_____                 |
| DATE FILED: 3/12/10                  |
+--------------------------------------+
```

**PRO SE OFFICE**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **MEHDI GABAYZADEH** Acting to impose the Constructive Trust Fiduciary Relationship for his family members that paid all of the Defendants and under **COURT ORDERED** restitution and fine judgments settled law $200 million judgments **PRO SE PRISONER PLAINTIFF** VS. BENJAMIN BRAFMAN, BRAFMAN & ROSS, P.C., BRAFMAN & ASSOCIATES, P.C. **DEFENDANTS** | CIVIL CASE NUMBER 09 CV 4095 **JUDGE CROTTY** **MAGISTRATE JUDGE JAMES C. FRANCIS IV** |

**MOTION FOR PARTIAL SUMMARY JUDGMENT UNDER FEDERAL CIVIL RULE 56(a) BY THE PLAINTIFF, THAT WILL ESTABLISH THE FEDERAL LAW IN THIS ACTION IN THE DEFENDANT(S) FRAUD IN THE INDUCEMENT IN VIOLATION OF THE NEW YORK LAWYER'S CANON(S) IN ETHICAL CONSIDERATION, SUPPORTED BY THE DEFENDANT(S) BAD FAITH FILING ON FEBRUARY 12, 2010 IN THE DEFENDANT(S) MOTION TO DISMISS THE FIRST AMENDED COMPLAINT WITH THE DEFENDANTS BAD FAITH INCONCEIVABLE BILLING FRAUD**

2010 MAR 12 P 3:43
PRO SE OFFICE
RECEIVED

## DECLARATION AND AFFIRMATION

1.   **Mehdi Gabayzadeh**, Pro-se Plaintiff Prisoner hereinafter **Plaintiff**
declares and affirms under the penalty of perjury **28 U.S.C.**
**§1746** that this filing is true.

## MOTION FOR PARTIAL SUMMARY JUDGMENT FEDERAL CIVIL RULE 56(a) BY THE PLAINTIFF CONSOLIDATED STATEMENT OF FACTS AND ARGUMENT FILED BY THE PRO-SE PLAINTIFF PRISONER UNDER THE MANDATED LEBERAL COURT REVIEW AND CONSIDERATION

2.   The Court must consider and review of this Pro-se Plaintiff
pleading liberally and held to a less strigent standard,
than formal pleadings drafted by lawyers. **Haines v. Kerner**,
30 L.Ed.2d 652 (1992); **Boag v. McDougal**, 70 L.Ed.2d 551 (1982);
**Boguslausky v. Kaplan**, 159 F.3d 715 (2nd Cir. 1998; and **Green**
**v. U.S.A.**, 260 F.3d 78 (2nd Cir. 2001).

## PENDING PLAINTIFF COMPLAINT UNDER JUDICIAL MISCONDUCT BY THE MAGISTRATE JUDGE JAMES C. FRANCIS IV AND THE DEFENDANT BEN BRAFMAN UNLAWFUL MISCONDUCT IN THE RULING(S) IN THIS ACTION

3.   The Chief Judge S.D.N.Y. LOretta A. Preska has a number of
the Plaintiff's filed motions, that are **not** docketed to date,
showing judicial misconduct.

4.   Each above motion charged both the Magistrate Judge James
C. Francis IV, with the Defendant Ben Brafman, acting in
violation of federal law, in this action. **U.S. v. Podell**,
572 F.2d 31 (2nd Cir. 1978) under 28 U.S.C. §372(c)(1)(2)(3)(4)
et al..

(2)

5.   Defendants **bad faith pleading** under date of February 12, 2010 makes reckless patently frivolous claims that should be reviewed in support in the above pending motions for **judicial misconduct**.

6.   Said bad faith pleading states:

(A)   Defendant bad faith professional credentials in represen-tation of corporate executives in securities and bankruptcy accounting fraud criminal matters, are **frivolous** at page 6, February 12, 2010 **bad faith filing**.

(B)   Defendant claims their representation in the Plaintiff's criminal case had to be viewed by this Court as **Narrow Re-presentation**.   Page 7, February 12, 2010 **bad faith filing**.

(C)   Defendant claims that ATI or any other related corporate entity had **no** defendant professional credential **requirement**, under the DOJ investigation in S.E.C., Corporate Bankruptcy Accounting Fraud, targeting the Plaintiff.   The Defendants **bad faith** February 12, 2010 filing at page 7 **covered up** the Plaintiff's retention of the Defendant, in the Executive CEO and President Plaintiff's Billion Dollar ATI Corporations.

(D)   The Defendant February 12, 2010 **bad faith** filing, sets the table for the instant motion for **partial summary judgment**, **Federal Civil Rule 52(a)** by the Plaintiff.

(3)

## MOTION FOR PARTIAL SUMMARY JUDGMENT REQUIRED TO ESTABLISH THE SETTLED LAW IN THIS ACTION IN EACH OF THE PLAINTIFF'S LITIGATION CLAIM(S) AGAINST THE DEFENDANT

7.   Fraud in the inducement, in the Defendants contract fraud, must be the ordered by this **Court**, as the ground in settled law against the Defendant.

(A)  Defendant(s) violations in the New York Lawyer's canon(s), in ethical consideration, attached in the Plaintiff's complaint fraud allegations, must be ordered by this **Court** as settled law, in this action, in the fraud in the inducement, and related fraud charged overt act(s) against the Defendant.

(B)  This **Court** must decide the question, in the Defendants **bad faith** February 12, 2010 pleading, that the Defendant had **no** profession credential expertise, required in the Plaintiff's criminal executive capacity as C.E.O. and President of the ATI Billion Dollar Corporations, Employment.

(C)  The Defendant February 12, 2010 pleading make(s) a **sham**, in the Defendants mandatory expertise, in representing the Plaintiff as the Executive C.E.O. and President in the Billion Dollar Corporation(s).

**COURT MUST DECIDE THAT THE DEFENDANT HAD TO HAVE THE MANDATORY PROFESSIONAL CREDITIALS IN REPRESENTING THE PLAINTIFF AS THE C.E.O. AND PRESIDENT IN THE BILLION DOLLAR CORPORATIONS, FRAUDULENT S.E.C. ACCOUNTING, BANKRUPTCY, WALL STREET CAPITAL MARKETS COMPLEX PUBLIC**

CORPORATION FRAUD ACCOUNTING ISSUE(S), INCLUDING DEFENDANTS NO
EXPERTISE IN PUBLIC SECURITIES OFFERING(S) FINANCIAL STATEMENTS,
UNIFORM COMMERICIAL CODE FOR BILLION DOLLAR CORPORATIONS,
SECURITIES ACT OF 1933 WITH THE PLAINTIFF'S SALE(S) OF SECURITIES
TO INSTITUTIONAL INVESTORS IN RELIANCE OF RULE 144A IN THE
SECURITIES ACT REGULATION 5 IN SEC AUTHORITY WITH LAWS & REGULATIONS
IN THE NATIONAL ASSOCIATION OF BROKER DEALERS, INCLUDING ALL CLAIMS
IN THE FIRST AMENDED COMPLAINT PAGE(S) (15), (16), (17).

8.   This **Court** must apply the New York Lawyer's **Canon 6**, ethical
     consideration, in EC6-1 in the Defendant(s) fraud act(s) in
     the first amended complaint in the following:

> EC 6-1 Canon
> Because of the lawyer's vital role in the legal process, the
> lawyer should act with competence and proper care in representing
> clients. The lawyer should strive to become and remain proficient
> in his or her practice and should accept employment only in
> matters to which he or she is or intends to become comptent
> to handle.

9.   The Defendants **bad faith** filed pleading under date February
     12, 2010, makes patently frivolous reckless fact claims, in
     the above mandatory **Canon requirement**. See: The First Amended
     Complaint at Page(s) (15), (16), (17) in **Exhibit 1** attached
     **hereto**, and in the following page(s) herein. The Defendant
     had **no** legal expertise in the first amended complaint charged

act(s) of fraud in the inducement by contract fraud in **Exhibit 1** page(s) (15), (16), (17), **First Amended Complaint**.

10.  The Defendant(s) motion to dismiss this action did **not** deny in any manner, that the Defendant had **no** legal expertise professional credentials in **Exhibit 1**, the first amended complaint, pages (15), (16) and (17).

11.  The Defendant filed their **bad faith** February 12, 2010 motion to dismiss this action, in order to **cover up**, the Defendants fraud in **Exhibit 1**, first amended complaint fraudulent contract misrepresentations.

12.  Said **bad faith** act(s) by the Defendant, did **delay** this lawsuit for some **(7) seven months**.

**DEFENDANT DID VIOLATE CANON 6-2 IN THEIR EXHIBIT 1 COVER UP IN THE FIRST AMENDED COMPLAINT PAGE(S) (15), (16), (17) BY HAVING NO LEGAL EXPERTISE, CAUSING FRAUD IN THE INDUCEMENT BY CONTRACT FRAUD**

13.  Defendants contract fraud and fraud in the inducement act(s), did violate **Canon 6-2** in The New York Lawyers Ethical consideration, in the following:

> Canon EC 6-2
>
> A lawyer is aided in **attaining** and **maintaining competence** by keeping abreast of current legal literature and developments, **participating in continuing legal education programs**, concentrating **in particular areas of the law**, and by utilizing other available means.  The lawyer has the **additional ethical obligation** to assist in improving the legal profession, and should do so by participating in bar activities intended to advance the quantity and standards of members of the profession. Of particular importance in the careful training of younger associates and the giving of **sound guidance to all lawyers** who consult the lawyer.  In short, a lawyer **should strive at all levels** to aid the legal profession in advancing the highest possible **standards of integrity and competence and personally to meet those standards.**

14.   This **court** must decide that the settled law in this case,
      **demanded** that the Defendant had to have, legal expertise pro-
      fessional credentials in **Exhibit 1** pages (15), (16), (17)
      in the First Amended Complaint.

## THIS COURT MUST DECIDE THAT THE DEFENDANTS CONTRACT FRAUD IN FRAUD
## IN THE INDUCEMENT MUST BE THE SETTLED LAW IN THIS ACTION

15.   This court must now decide that the Defendants contract fraud
      in fraud in the inducement must be the settled law in this
      action.

16.   Under New York Law a claim of fraud in the inducement requires
      proof:

      (1)(A)   That the Defendant made a representation;

      (2)(B)   As to a material fact;

      (3)(C)   Which was false;

      (4)(D)   And know to be false by the Defendant;

      (5)(E)   That the representation was made for the purpose
               of inducing the other party to rely upon it;

      (6)(F)   That the other party did rightfully did so rely in
               ignorance of its falsity;

      (7)(G)   to his injury.

**Computerized Radiological Servs v. Syntex Corp**, 786 F.2d
72 (2nd Cir. 1986), quoting **Brown v. Lockwood**, 76 A.D.2d,
721, 432 N.Y.S.2d 186, 193 (1980); See also: **Furniture Con-
sultants Inc. v. Datatel Minicomputer Co.**, No. 85 Civ. 8518
(RLC), 1986 WL 7792 at *6 (S.D.N.Y. July 10, 1986).

(7)

17. The Defendant fraud in the inducement in **Exhibit 1**, the First
    Amended Complaint, charged Defendants overt act(s) in **fraud**
    at **fac** pages (15), (16), (17), attacks the Defendant for
    having **no** professional credentials legal expertise in **Exhibit
    1A**, the Billion Dollar ATI Executive CEO and President Plaintiff
    whereby the Defendant **never** represented any other C.E.O. and
    President in a Billion Dollar Corporation under **DOJ Investigation**.
    (A)  Defendant is **not** a National Law Firm, he has **no** Wall
    Street **Billion Dollar** Corporation Executive **C.E.O.** or Presi-
    dent legal **training**.

18. The First Amended Complaint **charged** the Defendant in overt
    acts in **contract fraud**, that is settled law in fraud in the
    inducement, in the first amended complaint, charged Defendants
    fraud misconduct in the following **paragraphs**.

19. **FAC** plain wording meeting the fraud pleading **STANDARD** at
    the following **FAC** page(s) and paragraph(s):

        page (2), paragraph (12)&(13); page (3) paragraph (15),
    (17), (18), (19); page (4), paragraph (22); page (5), paragraph
    (26); page (6), paragraph (34); pages (5), (7) and (8), paragraph
    (41); page (9) paragraph (50); page 10 first paragraph; page (10),
    paragraph (53), (54), (55) and (56); page (11), first paragraph;
    page (11), paragraph (59); page (12) contract date(s) fraud;
    page (12), paragraph (52), (63), (64) and (65); page (13), paragraph
    (66), (67), (68) and (69); page (14) paragraph (70), (71), (72),
    (73) and (74); entire page (15) shows the Defendant fraudulent
    Detrimental Reliance, same at entire page (16); same at entire
    page (17); page (18) first paragraph with paragraph(s) (79),
    (80) and (81); page (19), paragraph (82), (83), (84), (85) and

(86); page (20), paragraph (87), (88), (89), (90) and (91); page (21), paragraph (92), (93), (94) and (95); page (22), paragraph (96), paragraph (97) with Jennifer Liang memorandum(s) paragraph (98) at pages (21)&(22); page (23), paragraph (99), (100) and (101); page (24), paragraph (102) and (103(a)); page (25) paragraph (103(b)), (104), (105), (106) and (107); page (26), paragraph (108), (109) and (110), ongoing at page (27); page (27), paragraph (111), (112) and (113); page (28), paragraph (114), (115), (116) and (117), ongoing at page (29), top paragraph; page (29), paragraph (118) and (119), ongoing at the first paragraph at page (30); page (30), paragraph (120), (121) and (122); page (31), paragraph (123) and (124), that includes number(s) (1), (2), (3) and (4), at page (31); page (32), paragraph (125), (126), (127) and (128); page (33), paragraph (129), (130), (131), (132) and (133); page (34), paragraph (134), (135), (136) and (137); page (35), paragraph (138), (140) and (141); page (36), (142), (143), (144), (145) and (146); page (37), paragarph (147), sixty-three Plaintiff and Defendant meetings, showing (fraud), by the Defendant at page(s) (37), (38) and (39); page (40), paragraph (148), (149), (150), (151) and (152); page (41) paragraph (153) (154) and (155); page (42), paragraph (156), (157), (158), (159) and (159(a)); page (43), eight Defendant's contract fraud Exhibit(s), setting forth the Defendant contract fraud, eight dates; page (43), paragraph (160) and (161); page (44), paragraph (172); page (45), paragraph (173) and (174); entire page (45), including page (46), paragraph (175), (176), (177), (178) and (179); page (47), paragraph (180) and (181).

SETTLED LAW IN THIS ACTION SHOWING THE DEFENDANTS CONTRACT FRAUD,

FRAUD IN THE INDUCEMENT IN THE FIRST AMENDED COMPLAINT CAUSED BY

THE DEFENDANT NOT HAVING PROFESSIONAL CREDENTIALS LEGAL EXPERTISE

IN THE FIRST AMENDED COMPLAINT PAGES (15), (16) AND (17) WITH THE

ABOVE ADDITIONAL CHARGED FRAUD MISCONDUCT AGAINST THE DEFENDANT

BILLING FRAUD WHEREBY THE DEFENDANT DID NOT REPRESENT ANY EXECUTIVE

C.E.O. OR PRESIDENT IN ANY BILLION DOLLAR PUBLIC SECURIES

ISSUING CORPORATION

19A. The Defendants contract fraud, in fraud in the inducement,
set forth above shows **prima facie evidence** under New York
Law fradulent inducement:

  (1)   That the Defendant made a representation;

  (2)   As to a material fact;

  (3)   Which was false;

  (4)   And know to be false by the Defendant;

  (5)   That the representation was made for the purpose of
        inducing the other party to rely upon it ;

  (6)   That the other party rightfully did so rely;

  (7)   In ignorance of its falsity; and

  (8)   To his injury.

See the above authority case law after the on point fraud
in the inducement in this pleading.

20. The First Amended Complaint hereinafter **FAC**, charged the Defen-
dant in contract fraud in all of the above **FAC** cited fraud
attacks in saying;

## <u>MY DEGREE OF EXPERTISE AND IN HANDLING CASES OF THIS NATURE</u>

21.  The Defendant lied to the Plaintiff in the above fraudulent
contract wording:

## <u>MY DEGREE OF EXPERTISE AND IN HANDLING CASES OF THIS NATURE</u>

(A)  The Defendant had <u>no</u> legal expertise professional creden-
tials, in the <u>FAC</u> <u>Exhibit 1</u> pages (15), (16) and (17) assisting
any Executive C.E.O. or President, in said capacity.

## THIS COURT MUST DECIDE THAT THE DEFENDANT VIOLATED WELL SETTLED LAW IN CONTRACT FRAUD, FRAUD IN THE INDUCEMENT CHARGED AGAINST THE DEFENDANT IN THE FIRST AMENDED COMPLAINT FAC SET FORT

### <u>IN THIS MOTION</u>

(1)  Each following element prongs in well settled law, in
the Defendants contract fraud, fraud in the inducement, were
charged in <u>repeated</u> claim(s) of contract fraud, set forth
above in the <u>FAC</u>.

### SETTLED LAW (8) EIGHT PRONG(S) IN THE DEFENDANTS FAC CONTRACT FRAUD, FRAUD IN THE INDUCEMENT

(A)(1)  <u>Defendant made a representation</u>;

(A)(2)  The Defendant prepared fraudulent contracts,  and writings
attached in the <u>FAC</u>, in **Exhibits (1A), (2), (3), (4), (5),
(6) and (7)**;

(A)(3)  <u>Defendant fraudulent representation</u> joined in the

(11)

**FAC** Exhibit(s) (1A), (2), (3), (4), (5), (6) **and** (7), stated the false statement:

### MY DEGREE OF EXPERTISE AND EXPERIENCE IN
### HANDLING CASES OF THIS NATURE

(A4)   The Plaintiff was the Executive C.E.O. and **President** in the **Billion Dollar** ATI Corporations, in **Exhibit (1A)** attached to the **FAC.**

(A5)   Defendant fraudulent statement in the **FAC** pleading show(s):

### MY DEGRESS OF EXPERTISE AND EXPERIENCE IN
### HANDLING CASES OF THIS NATURE

See: **FAC** **Exhibit 2** February 18, 2002 retainer agreement attached hereto at **Exhibit 2.**

(A6)   Defendant above **fraudulent** representation are well charged in the **FAC** recorded in this pleading at the above listed paragraphs in the **FAC.**

(A7)   Defendant had **no** legal **expertise** and **experience**, in page(s) (15), (16) and (17) in the **FAC**, attached hereto in **Exhibit 1** in ever assistaing an Executive **C.E.O.** or **President** in a **Billion Dollar** Public Securities issuing corporation under **DOJ Investigation**.

(A8)   The Defendants **bad faith** pleading, in the **motion** to dismiss this action, **treat(s)** this Plaintiff, as one of the

(12)

ATI Billion Dollar Corporation bad faith, **"ATI Truck Drivers"**, not as the DOJ investigation **target** Executice **C.E.O.** and **President**, in the ATI **Billion Dollar** Corporations.   **See:** **Exhibit 1A** in the **FAC**.

(A9)   Defendant **bad faith** pleading, in the **motion** to dismiss this action, claim(s) that the Defendant, had **no** legal require-ment, in **legal expertise** in the **Billion Dollar** ATI Corporations, that is attached in the **FAC**, in **Exhibit 1A**.

(A10)   This **court** must now **decide** if the Defendant **did not**, require the mandatory **legal expertise and experience**, in the **FAC**, page(s) (15), (16) and (17), Plaintiff's **fraud** claim(s), that are attached in this **motion** at **Exhibit 1**.

(A11)   This case only **charge(s)**, that the **Plaintiff** was the **Billion Dollar** ATI Corporation Executive **C.E.O.** and **President**, not one of the **ATI Truck Drivers**.

(A12)   The Plaintiff's **bad faith** pleading, in the **motion** to dismiss this action, may reach the **standard** for, **Federal Civil Rule 11** sanctions.   See: Federal Civil **Rule 11, (c) sanctions, (3) on the Courts** **initiative**.   See: **Calloway v. Marvel Entertain-ment Group, 854 F.2d 1452 (2nd Cir. 1988)**.

(A13)   The **FAC** at **Exhibit 2**, shows the Defendant, February 18, 2002 fraudulent **retainer agreement**, written to the Plain-tiff, as the **Billion Dollar** ATI Corporation, Executive C.E.O., and **President** by the Defendant.

(A14)   The **FAC** at **Exhibit 2** show(s) the Defendant **signed** February 18, 2002 **retainer agreement** with the Plaintiff.   Said fraudulent

**retainer agreement** is attached hereto in **Exhibit 2**.

(A15)  The Defendants February 18, 2002 **FAC Exhibit 2** fraudulent

retainer **agreement** with the Plaintiff, that is attached in

this motion, at **Exhibit 2**, make(s) the following Defendant

**fraudulent** representation:

## MY DEGREE OF EXPERTISE AND EXPERIENCE IN HANDLING CASES OF THIS
## NATURE AT PAGE 2 FIRST PARAGRAPH ATTACHED HERETO

(A16)  The Defendants February 18, 2002 **FAC Exhibit 2** fraudu-

lent retainer **agreement** between the Plaintiff and Defendant

at **page 1** first paragraph state(s) the Defendants discernment

of the Plaintiff;

**You have been characterized as one of the principal "targets"**

**of that investigation.  The investigation, relates in part,**

**to various financial relationships maintained by American**

**Tissue Inc., a Company that you were formally associated with**

**and the laSalle Bank.  See: Exhibit 2 attached hereto.**

(A17)  The Plaintiff's **First** contract fraud retainer fee payment

was made by wire  to the Defendant, in the **Exhibit 2 FAC** February

18, 2002 fraudulent retainer **agreement**, on February 25, 2002

is in the amount of $50,000.00, that is at **Exhibit 8** in the

**FAC** dated March 4, 2002 fee attached hereto in **Exhibit 3**.

(B18)  The well settled law in contract fraud, fraud in the

inducement **Second Prong** states the following:

## AS TO A MATERIAL FACT

(14)

(B19)  The Defendant material **fact**, fraud in the inducement
in the **FAC**, **Exhibit 2**, attached hereto February 18, 2002 retainer
**agreement**, states:

## MY DEGREE OF EXPERTISE AND EXPERIENCE IN HANDLING CASES OF

## THIS NATURE

**See: Exhibit 2 attached hereto.**

(B20)  Defendant **concede(s)**  in their **bad faith** pleading,
**motion** to dismiss this action, at page 6, February 12, 2010
reply, that the Defendants, were personal criminal counsel
to the Plaintiff.

(B21)  therein, at page 6 the Defendant material fact claims
that the Plaintiff is bringing claim(s) in the **FAC** on behalf
of a corporation.

(B22)  Defendant **bad faith** pleading, in the **motion** to dismiss
this action, concede(s), by **delaying** this action, now, for
over **(7) seven months**, that the Defendant, had **no** legal expertise,
in the **FAC**, pages (15), (16) and (17), in **Exhibit 1** attached
hereto.  **See: The Defendant February 12, 2010 Bad Faith Pleading**
**at Page 6, Professional Credentials.**  That the Defendant did
not have in assisting **Executives**, C.E.O. or President, in
any **Billion Dollar** Corporation issuing **Public Securities**.

(B23)  Defendant(s) above **bad faith** pleading, **obstruct(s)**,
impede(s) **justice** in this action, in the Defendant(s) contract
retainer **agreement(s)**, fraud, fraud in the inducement, in

(15)

the following Defendant(s) **false** retainer contract **representation:**

**MY DEGREE OF EXPERTISE AND EXPERIENCE IN HANDLING CASES OF**

**THIS NATURE**

See: **Exhibit 2** attached hereto, and in the **FAC**, **Exhibit 2**
February 18, 2002 fraudulent retainer **agreement.**

(B24)  The **Court** has the Defendant, in their **bad faith** pleading,
**motion** to dismiss this action, under the **improper purpose,**
in the Defendant reckless **cover up**, by having **no** professional
credentials, legal expertise in the **FAC** at pages (15), (16)
and (17) **Exhibit 1** attached hereto **mandatory** legal training
expertise to earn over **One Million Dollars**, in fee(s) defrauded
from the Plaintiff by the Defendant.

(B25)  **Exhibit 1 FAC** at pages (15), (16) and (17) charge(s)
against the Defendant, having **no** legal expertise, is a plain
**well** supported **fact.**  See: **Exhibit 1** attached hereto.

(C26)  The **Third Prong** in fraud in the inducement contract
fraud by the Defendant,under well settled law is: **which was**
**false.**

(B27)  The **4th prong** is, **and known to be false by the Defendant,**
under well settled contract fraud, fraud in the inducment
authority.

(E28)  The **5th** prong in the same settled law is: **That the**
**representation was made for the purpose of inducing the other**
**party to rely upon it.**

(F29)  The **6th** prong in the same settled law is: **That the**

(16)

other party rightfully did so rely.

(G30)  The **7th** prong in the same settled law is: **In ignorance of its falsity**.

(H31)  The **8th** prong in the same settled law is: **To his injury**.

**ABOVE PLAINTIFF'S LETTER PARAGRAPH(S) SHOW THE WELL SETTLED LAW FRAUD IN THE INDUCEMENT (8) EIGHT PRONG(S) DISCERNED BELOW BY LETTER FOR EACH PRONG ELEMENT**

A - prong 1,   B - prong 2,   C - prong 3,   D - prong 4,

E - prong 5,   F - prong 6,   H - prong 7,   I - prong 8.

See: <u>Computerized Radio Logical Services vs. Syntex Corp.</u>, 786 F.2d at page 76 under heading (2) CRS fraud claims, paragraph (3) (2nd Cir. 1986).

See: <u>Hoffenberg vs. Hoffman & Pollok</u>, 248 F.Supp.2d at page 310 paragraph (6-7) (S.D.N.Y. 2003).

**THE FAC DID CHARGE THE DEFENDANT IN CONTRACT FRAUDULENT INDUCEMENT FRAUD AND DECEIT CONTRACT FRAUD**

(2)   The Defendant is charged in contract fraud in the **FAC**, with the fraudulent retainer contract wording in the following:

**MY DEGREE OF EXPERTISE AND EXPERIENCE IN HANDLING CASES OF THIS NATURE**

(3)   The **FAC** charged the Defendant with the above fraudulent representation(s) at paragraphs 67, 68, 69, 70, 71, 72, 73,

74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94 95, 96, 97, 98, 99, 100, 101, 102, 103, 103(b), 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 116, 117, 118, 119, 120, 121, 122, 123, 124, 130, 131, 132, 133, 134, 135, 136, 137, 138, 143, 144, 145, 146, 147, 148, 149, 150, 152, 153, 154, 155, 156, 159(A), 160, 161, 162, 163, 164, 165, 166, 167, 168 and 169.

**DEFENDANT NEVER REPRESENTED ANY MAJOR ONE BILLION DOLLAR PUBLIC SECURITIES ISSUING CORPORATION EXECUTIVES IN SECURITIES BANKRUPTCY DOJ INVESTIGATION IN ANY BANKRUPTCY SECURITIES FRAUD ACCOUNTING RELATED DOJ CRIMINAL INVESTIGATION(S) OF A BILLION DOLLAR CORPORATION C.E.O. OR PRESIDENT EXECUTIVE SUCH AS THE PLAINTIFF WHEREBY THE DEFENDANTS FRAUD IS INCONCEIVABLE TO CONSIDER THE DEFENDANT AS A NATIONAL LAW FIRM IN CRIMINAL PUBLIC CORPORATION MAJOR EXECUTIVE CRIMES**

2.    Defendant filed their **bad faith** motion to **dismiss** this action, in order to manipulate, misinform, mischaraterize, **undermine**, distort, the **judicial consideration**, in the fully briefed **motion** to dismiss this action.

3.    Defendant had **no** legal expertise, in **representing** any other **billion dollar** public securities issuing corporation, Executive **C.E.O.** or **President** such as the Plaintiff.

(A)    The Defendant had **no factural** support in **legal expertise**, to represent this Plaintiff.

4.    Defendant **fabricated** their **bad faith** motion to **dismiss**

(18)

this action, in order to **cover up**, by **bad faith** the plain

supported **fact**, that the Defendant had **no mandatory** legal

expertise, **required** to represent this Executive C.E.O., President,

Plaintiff, in the billion dollar securities bankruptcy accounting

**DOJ** criminal case **investigation**.   See: **Exhibit 1** the **FAC** pages

(15), (16) and (17) **demanding expertise**.

**BILLING FRAUD, ADVANCE FEE FRAUD, ACTUAL BILLING FRAUD, BY THE**
**DEFENDANTS FRAUDULENT CONVEYANCE IN SOME ONE MILLION DOLLARS OF**
**LEGAL FEE(S) DEFRAUDED FROM THE PLAINTIFF BY THE DEFENDANTS FRAUD**
**INCONCEIVABLE BAD FAITH IN TAKING FEES TO REPRESENT THE PLAINTIFF**
**WITHOUT THE MANDATORY LEGAL EXPERTISE**

5.    Defendant acted by **fraudulent conveyance**, **bad faith** in

some **One Million Dollars of fee(s) defrauded** from the Plain-

tiff, under **no consideration**.  Plaintiff **paid** the Defendant

under the Defendants above heading in **fraud act(s) bad faith**

some **One Million Dollars**, with **no** Defendant **consideration**.

Defrauded fee payments from the Plaintiff by the Defendant.

6.    Defendant had **no** legal expertise, that was **mandatory**,

in **consideration**, for the some **One Million Dollars** paid to

the Defendant.   **Inconceivable** Defendant **bad faith** in taking

the **unearned** fee of One Million Dollars.

7.    Defendant had **no** basis, to deposit the some **One Million**

**Dollars**, from the Plaintiff, in clearly erroneous **bad faith**

fees in the Defendants **flawed** legal **expertise**.

8.    Defendant provided **no consideration**, to the **Plaintiff**, for

the some **One Million Dollars** defrauded fees by the Defendant
from the Plaintiff.

Court must decide the consideration legal principle by
the Defendant required for the Plaintiff in the some One Million
Dollars in defrauded legal fee payments whereby the Defendant
had no such mandatory legal expertise.

9. Court must **settle** the question in **consideration**, provided
by the Defendant to the Plaintiff, for some **One Million Dollars**
in fee payments. **Garcia v. Teitler**, 443 F.3d at 213 (2nd
Cir. 2006).

10. Defendant **bad faith** motion to **dismiss** this action, shows,
that the Defendant had **no** legal **expertsise**, in **Exhibit 1** attached
hereto, the **FAC**, at pages (15), (16) and (17).

11. Defendants retainer agreement fraudulent contract, in
**Exhibit 2**, attached hereto, caused the Defendants, **fraud in
the inducement**, that had **no consideration**, for the some **One
Million Dollars**, defrauded **fees** by the Defendant, in **unjust
enrichment**, harming the Plaintiff. **Garcia v. Teitler**, 443
F.3d at 213 (2nd Cir. 2006).

**FRAUDULENT DEFENDANT LEGAL BILLING IN SOME ONE MILLION DOLLARS OF
UNSUPPORTED FABRICATED DEFENDANT FEES WITH NO FACTURAL SUPPORTED
TIME SHEET DISCERNMENT**

12. **Garcia v. Teitler**, 4443 F.3d 202 (2nd Cir. 2002) **settled**
the law in the Defendants **Exhibit 4** fraudulent **bad faith** fees

(20)

defrauded from the Plaintiff by the Defendant in the amount in some **One MIllion Dollars**.

13. **Exhibit 4** fraudulent Defendants **bad faith** legal bills, defrauded by unjust enrichment, some **One Million Dollars** from the Plaintiff, by the Defendant **Garcia v. Teitler**, **443 F.3d 202 (2nd Cir. 2006)**.

14. **FAC** at paragraph(s) 12, 15, 17, 19 26, 50, 51, 52, 53, 57, **charged** the Defendant in **billing fraud**.  See: **Exhibit 4** Defendant **fraudulent** bad faith fees issued by the Defendant in order to **defraud** the Plaintiff.

15. **Exhibit 4** the Defendants some **One Million Dollars** in bad faith fraudulent bills, meets the settled law **standard**, in **Garcia v. Teitler**, **443 F.3d 202 (2nd Cir. 2006)**, **fabricated billing**, with **no** mandatory supported **time records** attached. See: **Garcia**, **443 F.3d at page 213** heading (b) **fraudulent billing**. Quoting **Sequa Corp. v. GBJ Corp.**, **156 F.3d 136 (2nd Cir. 1998)**, under New York Law, assessment of **quantum merit** legal fees is based on **consideration**.

16. **Exhibit 4** the Defendant some **One Million Dollars** in **fraudulent** unsupported bad faith billing, **violate(s)** the mandatory **billing standard**, in **Garcia v. Teitler**, **443 F.3d 202 (2nd Cir. 2006)**, quoting well settled Second Circuit **billing fraud authority**.  Defendant acted in **astonishing bad faith**, with having **no** legal **expertise** in the **billing**.

17. This court must **Order** the Defendants at once, **payment** to the **Plaintiff,** restitution et al the **Exhibit 4** some **One**

**Million Dollars** in the fraudulent **bad faith billing**.

18.   **Exhibit 4** attached hereto **show(s)** the Defendant some **One Million Dollars** in fabricated **fee** billing, with **no** mandatory time sheet factural **support** by the Defendant to the Plaintiff.

(A)   **Exhibit 4** had **no** reasonal **value**, based on the Defendant, astonishing **bad faith fraud**, in having **no** legal expertise, in support of the over **One Million Dollars** in **fee(s)**, **defrauded** by the Defendant from the Plaintiff.

(B)   **Exhibit 4** had **no** reasonal **value** in any quatum merit, based on the massive Defendant, **contract fraud**, in the fraud in the inducement, **bad faith**.

19.   **Bennett v. Muskasey**, 525 F.3d 222 (2nd Cir. 2008) Headnote **(2)** attorney client supports this Plaintiff's **charge** against the Defendant in the **Exhibit 4** attached hereto, some **One Million Dollars** in **fee(s) defrauded** by the Defendant, from the Plaintiff, in **bad faith**.

(A)   **Bennett v. Muskasey**, 525 F.3d at page 222, Headnote (2), attorney client **fee(s)**, quotes, the **New York Code of Professional Responsibility, Canon, EC2-31**, that the Defendant violated, in **billing fraud**.

(B)   Defendant **violated** the attorney client, fee **standard**, with the Plaintiff in **concealing**, by Defendant billing **fraud**, on the Plaintiff, in **Exhibit 4**, attached hereto, the **mandatory** fee time sheet **factural support** in, **Garcia v. Teitler**, 443 F.3d at page 213 (2nd Cir. 2006) under **(b)** **the finding of**

(22)

<u>inadequately supported and fraudulent billing is sufficiently</u>

<u>supported</u>.

(C)  <u>Garcia v. Teitler</u>, supra shows <u>on point</u> Second Circuit

<u>authority</u>, in this Defendants, some <u>One Million Dollars</u> defrauded

by <u>fabricated</u> legal fee(s), from the Plaintiff.

## U.S. ATTORNEY RESTITUTION PLAINTIFF'S PAYMENT ARE NOW INFRONT OF THIS COURT IN THE DEFENDANT LEGAL BILLING FRAUD FOR SOME ONE MILLION DOLLARS IN PAYMENT NOW BY THE DEFENDANT FOR RESTITUTION CONSIDERATION

20.  Well settled <u>restitution law</u>, demands, that the Defendant

at once <u>pay over</u> the <u>Government</u>, in the some <u>One Million Dollars</u>

of <u>defrauded</u> Plaintiff fee <u>payments</u> to the Defendant.  See:

28 U.S.C. 3303 and 3304, 3306 and 3307.

<u>U.S. v. Coluccio</u>, 51 F.3d 548 (2nd Cir. 1995);

<u>U.S. v. Kollintas</u>, 501 F.3d 796 (7th Cir. 2007;

<u>U.S. v. Mays</u>, 430 F.3d 693 (9th Cir. 2005)

<u>Federal Debt Collection Procedure Act</u>, 28 U.S.C. 3001-3023.

21.  This court is <u>bound</u> in well settled restitution law,

<u>Federal Debt Collections Procedure Act</u> 28 U.S.C. 3001-3023,

to at once <u>protect</u>, the <u>Goverment restitution</u>, defrauded by

the Defendant in <u>fabricated</u>, fee <u>bad faith</u>.

(A)  The <u>U.S. Attorney</u>, is party in <u>interest</u>, under the <u>Federal</u>

<u>Debt Collection Procedure Act</u>, at this <u>time</u> in this <u>action</u>.

(B)  The court is <u>bound</u>, to act <u>now</u> with the U.S. Attorney

<u>mandatory</u> court <u>notice</u> at this time, in this <u>action</u>.

(23)

See: 28 U.S.C. 3303, 3304, 3305, 3306, 3307 and 3308.

22.   **Exhibit 4** attached hereto **evidenced** the Defendant **bad faith** fee billing **fraud**.   See: 28 U.S.C. 3303, 3304, 3305, 3306 and 3307.

(A)   **Exhibit 4** attached hereto **evidenced** the Defendant **fee** billing **fraud** on the following dates:

**NOTE**

**BILLS ALL IN THE FAC**

March 4, 2002

April 5, 2002

May 2, 2002 Bill (A)

May 2, 2002 Bill (B)

June 5, 2002

July 2, 2002

August 1, 2002

September 4, 2002

October 7, 2002

December 2, 2002

January 6, 2003

February 10, 2003

March 6, 2003

March 18, 2003

June 16, 2003

February 11, 2004

March 4, 2004

June 8, 2005

(24)

**GOVERNMENT RESTITUTION HAS NO STATUTE OF LIMITATION UNDER**

**RESTITUTION JUDGMENT LAW IN THIS DEFENDANT MASSIVE FEE FRAUD**

**28 U.S.C. 3303, 3304, 3305, 3306 AND 3307**

23.   **Judgment** filed in this Plaintiff case are joined in the Defendant bad faith **fee fraud**.

24.   **Government Restitution Judgments** are joined in, this Defendant participation in the restitution Defendant **fee** bad faith **billing fraud**.  See: **28 U.S.C. 3303, 3304, 3305, 3306 and 3307**.

25.   **Government Restitution Judgment** in this case, **can not**, be defrauded, damaging the **Government Restitution**, under any kind of **time limitation**.  See: **28 U.S.C. 3303, 3304, 3305, 3306 and 3307**.

26.   Defendant has **no** authority, to act **against** the government restitution **judgment** law in this case.  See: **28 U.S.C. 3303, 3304, 3305, 3306 and 3307**.

27.   Defendant defrauded both the government restitution judgment with the **proceeds** in the Plaintiff's DOJ criminal investigation case.  See: **28 U.S.C. 3303, 3304, 3305, 3306 and 3307**.

28.   **F. Lee Bailey** the **high profile** attorney, was held in **federal detention**, under the same kind of **fee** bad faith **fraud**, acted out by this Defendant.  See **28 U.S.C. 3303, 3304, 3305, 3306 and 3307**.

29.   **United States v. F. Lee Bailey**, **175** F.3d **966** (11th Cir.) discerns the attorney Bailey, **defrauding** the government Defendant

(25)

public stock securities, with the use, of the attorney **Baily**

bad faith **fraudulent fees**, holding of **assets** belonging to

the attorney Baily Defendant for the government.

30.  In this motion the Defendant has acted in the **same** steps

as in **United States v. Baily**, supra.

(A)  The **Exhibit 4** attached hereto, some **One MIllion Dollars**

in sham **fabricated** legal **fees**, belong to the Government filed

**Judgment** in this Plaintiff action, **restitution**.

(B)  Restitution **Judgments**, are not subject to any statute

of **limitations**, in depriving the **government**, of this Defendant

Plaintiff **One Million Dollar** Government restitution **collection**.

See: 28 U.S.C. 3001 to 3015 **Federal Debt Collection Procedure**

**Act** with **28 U.S.C. 3303, 3304, 3305, 3306 and 3307.**  See:

28 U.S.C. 3301 **Fraudulent Transfers Involving Debts** with 28

U.S.C. 3303, **Value For Transfer Of Obligation**.

31.  **28 U.S.C. 3303** value for **transfer** or obligation, demands

this Defendant, **payover** to the **Government** now, the **Exhibit**

**4** attached hereto, some **One Million Dollars**, in sham bad faith,

**fabricated** legal fee government restitution **asset**.  See: **28**

**U.S.C. 3304, 3305, 3306 and 3307**.


## CONCLUSION

This Honorable Court is respectfully requested to order the

following:


1.  **ORDER**: The Defendant will **Escrow** with this Court the


(26)

**Exhibit 4** some **One mIllion Dollars** in Government Resti-
tution Judgment Asset.

2.   **ORDER:** Under **Federal Civil Rule 56(a)** Plaintiff relief,
established that the **FAC** contract fraud, well settled
**law** are, fraud in the inducement for, **Trial**.

3.   **ORDER:** The Defendant **Fee Billing** are in **Violation** of
the United States Court of Appeals for the Second Circuit,
**Mandatory** Attorney Fee Billing **Standard**, for this **Trial**,
in **Garcia v. Teitler**, **443 F.3d 202 (2nd Cir. 2006)** at
**page 213(b)** the finding of inadequately supported and
fraudulent billing is sufficiently supported.

4.   **ORDER:** Defendant **Federal Civil Rule 11(C)(3) sanctions**
were **violated** in the Defendants reckless malice **bad faith**,
Motion to **Dismiss** this action.


                                    Respectfully submitted,


Dated: March 10 , 2010                   By _____
       Fort Dix, New Jersey                  Mehdi Gabayzadeh

                                         **Pro-se Prisoner Plaintiff**


(27)

## CERTIFICATE OF SERVICE

**Mehdi Gabayzadeh,** Plaintiff Pro-se, declares and affirms under the penalty of perjury, **28 U.S.C. §1746,** that he did serve the below named Defendant's counsel by Prison Mail, on March _10_, 2010, with a copy of **Motion Attached Hereto.**

**SERVED ON:**

Andrew S. Kowlowitz, Esquire
Furman Kornfeld & Brennan LLP
545 Fifth Avenue – Suite 401
New York, New York 10017

Dated: March _10_, 2010                              By_____
                                                              Mehdi Gabayzadeh

## EXHIBITS

1.  First Amended Complaint Pages 15, 16 and 17.

2.  Defendants retainer agreements attached to the First Amended Complaint.

3.  February 25, 2002 $50,000.00 Defendants fraud in the inducement, contract fraud, retainer fee first payment.

4.  Fraudulent Defendant billing under well settled Second Circuit Law.

# EXHIBIT 1

and 2006, whereby the Plaintiff had DETRIMENTAL RELIANCE under
the Brafman contract FALSE statement:

> MY DEGREE OF EXPERTISE AND EXPERIENCE IN HANDLING CASES
> OF THIS NATURE.

75. Defendant Brafman is charged with the commission
of fraud on his **8**    "Exhibit 2" contracts prepared for the
Plaintiff stating:

> MY DEGREE OF EXPERTISE AND EXPERIENCE IN HANDLING CASES
> OF THIS NATURE.

76. Defendant Brafman "Exhibit 2" MY DEGREE OF EXPERTISE
AND EXPERIENCE IN HANDLING CASES OF THIS NATURE false statements,
CONCEALS, and MISSTATES, the Brafman history training, that was
MANDATORY to service the Plaintiff in :

(1) BANKRUPTCY MAJOR LARGE CORPORATION AUTHORITY
EXPERTISE;

(2) FORENSIC, UNITED STATES SECURITIES AND
EXCHANGE COMMISSION FINANCIAL STATEMENTS WITH PUBLIC CORPORATION
ACCOUNTING EXPERTISE;

(3) UNIFORM COMMERCIAL CODE LARGE CORPORATION
SECURED AND UNSECURED FINANCE AND ACCOUNTING EXPERTISE;

(4) UNITED STATES SECURITIES AND EXCHANGE COMMISSION
FILING EXPERTISE;

(5) SENIOR SECURED NOTES, PUBLIC AND PRIVATE
PLACEMENT, SECURITIES EXPERTIES, UNDER THE SECURITIES ACT OF
1933, WITH THE STATE SECURITIES LAWS, UNDER INSTITUTIONAL BUYERS
RELIANCE ON RULE 144A UNDER THE SECURITIES ACT, AND OUTSIDE OF

THE UNITED STATES COMPLIANCE WITH REGULATION 5 OF THE SECURITIES ACT; EXPERTISE

(6) RULES REGULATIONS LAWS NATIONAL ASSOCIATION OF SECURITIES DEALERS INC.; EXPERTISE

(7) USE OF PROCEEDS IN SECURITIES OFFERINGS BY PRIVATE PLACEMENT EXPERTISE;

(8) REGULATORY AUTHORITY FEDERAL AND STATE, SECURITIES COMMISSION(S), FOR ACCURACY AND ADEQUACY OF PLACED SECURITIES EXPERTISE;

(9) FORWARD LOOKING STATEMENTS UNDER OFFERING OF SECURITIES SUCH AS THE EXPERT WORDS, BELIEVES, EXPECTS, MAY, WILL, SHOULD, SEEKS, APPROXIMATELY, INTENDS, PLANS, ESTIMATES, ANTICIPATES, EXPERTISE;

(10) EBITDA IN SUMMARY UNAUDITED, AUDITED PROFORMA COMBINED FINANCIAL DATA, EXPERTISE

(11) FINANCIAL CAPITALIZATION UNDER NICHE MARKET CONSOLIDATIONS, EXPERTISE;

(12) INDENTURE, INTERESTS, PROPERTY LIENS, VALUE OF SECURITY COLLATERAL INTEREST, RANKING OF SECURITY VALUES EXPERTISE.

(13) SUBORDINATION OF EXISTING INDEBTEDNESS, OUTSTANDING SECURITIES UNDER FEDERAL AND STATE SECURITIES AUTHORITY RULES, CASE LAW EXPERTISE WITH SOLVENCY AT SUCH TIME SECURING THE PENDING ATI GUARANTEE(S); EXPERTISE

(14) STANDARD REQUIRED TO INSOLVENCY UNDER FEDERAL AND STATE ATI SECURITIES LAW, FOR VALUE OF PROPERTY BY FAIR

SALEABLE VALUE UNDER ATI LIABILITY ON EXISTING DEBTS, EXPERTISE, GUARANTOR QUESTION OF INSOLVENCY; EXPERTISE

(15) FACILITY ATI LASALLE BANK DAILY COLLATERAL TRANSACTIONS, CONSOLIDATED FINANCIAL STATEMENTS TREATMENT, STANDARD, PROFORMA FINANCIAL ATI DATA ANALYSIS OF ATI FINANCIAL CONDITION FROM SET OPERATIONS FINANCIAL POSITION, EXPERTISE, IN SECURED ATI TRANSACTIONS; EXPERTISE

(16) ATI COVERAGE RATIO LASALLE BANK TRANSACTIONS, RISK FACTORS, FEDERAL AND STATE SECURITIES LAW, INDENTURE AND ATI TRUSTEE UNDER THE SECURITIES ACT OF 1933, HOLDERS OF NOTES, CONVEYANCE CONSIDERATION BY TRANSFER UNDER APPLICABLE LAW, EXPERTISE FOR INDENTURE ATI REGISTRATION RIGHTS UNDER THE ATI COLLATERAL LASALLE CONTRACTS ASSET INDEBTEDNESS SECURED BY ENCUMBERING LIEN CONTROL; EXPERTISE

(17) RANKING OF ATI SECURITY UNDER DEBT OBLIGATION ISSUANCE NET CASH PROCEEDS PRIORITY LIEN ON ATI EQUIPMENT PROPERTY FOR COLLATERAL SECURED TRANSACTIONS UNDER ATI COVENANTS THAT LIMIT RESTRICTED PAYMENTS FROM PROCEEDS, AGREEMENTS WITH LASALLE AND J.P. MORGAN CHASE BANK REGISTRATION UNDER FEDERAL AND STATE SECURITIES OFFERINGS TRANSFER RESTRICTION EXPERTISE.

77. Defendant Brafman CONCEDES that the Plaintiff had the following expert representation in each of the 8 "Exhibit 2" contracts prepared for the Plaintiff under:

MY DEGREE OF EXPERTISE AND EXPERIENCE IN HANDLING CASES OF THIS NATURE.

78. Defendant Brafman CONCEDES that the Plaintiff was

# EXHIBIT 2

# BRAFMAN & ROSS, P.C.

ATTORNEYS AT LAW

767 THIRD AVENUE

26TH FLOOR

NEW YORK, NEW YORK 10017

TELEPHONE. (212) 750-7800

FACSIMILE: (212) 750-3906

BENJAMIN BRAFMAN
CHARLES A. ROSS

JENNIFER A. LIANG
MELINDA SARAFA
ANDREA ZELLAN

MARK M. BAKER
OF COUNSEL

February 18, 2002

**VIA FEDERAL EXPRESS**
**PERSONAL & CONFIDENTIAL**
Mr. Mehdi Gabayzadeh
President and Chief Executive Officer
American Paper Corporation
300 Rabro Drive
Hauppauge, New York 11788

Dear Mr. Gabayzadeh:

You have requested that this firm undertake to represent you in connection with a criminal investigation presently being conducted by the United States Attorney's Office for the Eastern District of New York. To date, no formal criminal charges have been filed against you although you have been characterized as one of the principal "targets" of that investigation. The investigation, relates in part, to various financial relationships maintained by American Tissue Inc., a company that you were formally associated with and The LaSalle Bank.

In return for representation during the pre-indictment stage of the proceedings, you have agreed to pay this firm a retainer of $100,000.00 against which I will bill you at my hourly rate of $650.00 per hour for time expended by me in connection with this case, and at the rates of $450.00, $375.00 and $350.00 per hour for time required of any attorney associated with this firm whose assistance may be necessary in order to properly represent you in this inquiry. In addition, you will be billed at the rates of $125.00 per hour for work performed by any paralegal and/or law clerk whose assistance may be required.

BRAFMAN & ROSS, P.C.

It is understood that the $100,000.00 retainer, constitutes a <u>minimum</u> fee that this firm requires in matters of this kind, recognizing as I do when setting the minimum fee, the time that will be required, the degree of difficulty of the case, the urgency of the matter, the necessity of declining other work so as to have the time available to properly attend to <u>this matter and my degree of expertise and experience in handling cases of this nature.</u> Accordingly $100,000.00 is hereby specifically designated as a general <u>minimum</u> fee for assuring our availability to devote an appropriate amount of attention to this matter and to compensate this firm for the possibility of having to defer other work as a result of taking this case. It is thus understood and agreed that no portion of the $100,000.00 minimum fee is to be returned regardless of the amount of time that is involved in attempting to resolve this matter without criminal prosecution.

I will keep careful track of the time expended by me and the other attorneys associated with this firm in connection with these matters and so advise you by monthly statements of account that will be mailed to you at the above address. In the event this matter is resolved within the time period reflected by the initial retainer, then no additional fees will be incurred in connection with these proceedings. To the extent however, that the time required to properly represent you in these matters exceeds the period covered by the retainer then I will so inform you by monthly statements of account that will be mailed to you at the above address. Any balance due on any such statement is to be paid upon receipt of the statement in question.

It is understood that the fees discussed in this agreement relate to representation of you personally by <u>this</u> law firm. Accordingly, any fees incurred by any other attorneys and/or law firms whose services will be required in order to properly represent you in this and/or other proceedings are to be paid by you directly to those firms and are not to be considered the obligations of this firm. Nor is any part of the retainer discussed herein to be used to pay any fees incurred by any other firm whose assistance may be required in order to properly represent you in this matter. It is my understanding that you have already retained other counsel to represent you in connection with pending bankruptcy proceedings and/or other civil litigations that are either pending or are expected to be filed in the near future. Fees to those firms are to be paid by you and are not the obligations of this firm.

It is also understood that should the services of a private investigator and/or forensic accountant be required in order to properly represent you, any such fees incurred by any investigator and/or forensic accountant are to be paid directly by you, with the understanding that no such additional legal obligations will be incurred on your behalf without your prior approval.

BRAFMAN & ROSS, P.C.

Finally, as we discussed, this retainer agreement will continue in force up until such time as you are formally charged by Indictment or formal Complaint, or a determination is made by the United States Attorney's Office that no criminal prosecution will be forthcoming. In the event that this case is resolved pre-indictment, no portion of the $100,000.00 retainer will be returned to you.

In the event that formal criminal charges are filed against you, however, a separate retainer agreement will be executed between us when and if necessary should you request that this firm continue to represent you if and when formal charges are filed. At that time, we will provide you with the option of continuing on an hourly basis and/or discuss with you the terms of a flat fee agreement to cover the post-Indictment pre-trial period and any trial should one be held. If at that time we agree to change the terms of our fee agreement from an hourly agreement to a flat fee agreement I will apply as a credit against any flat fee, any unused portion of the $100,000.00 retainer if any credit balance remains at that time. Any modification of our fee agreement however, is to be documented in a separate retainer agreement executed between us if and when it becomes necessary for us to do so.

If this letter accurately sets out the terms of our understanding in connection with this matter, please so indicate by signing a copy of this agreement where provided and returning it to me at your very earliest convenience.

Very truly yours,

Benjamin Brafman

SIGNED AND AGREED TO:

MEHDI GABAYZADEH

DATE:

2/15/02

# EXHIBIT 3

# BRAFMAN & ROSS, P.C.

ATTORNEYS AT LAW

767 THIRD AVENUE

26TH FLOOR

NEW YORK, NEW YORK 10017

TELEPHONE: (212) 750-7800

FACSIMILE: (212) 750-3906

March 4, 2002

**PERSONAL & CONFIDENTIAL**
Mr. Mehdi Gabayzadeh
President and Chief Executive Officer
American Paper Corporation
300 Rabro Drive
Hauppauge, New York 11788

---

FOR PROFESSIONAL SERVICES RENDERED:

February 1, 2002 - February 28, 2002                          <u>AMOUNT</u>

Benjamin Brafman
19 hours at $650 per hour . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  $ 12,350.00

Jennifer Liang
44 hours at $375 per hour . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  $ 16,500.00

Paralegal
9 hours at $125 per hour . . . . . . . . . . . . . . . . . . . . . . . . . . . . . :  $ 1,125.00

Saul Bienenfeld
12 hours at $350 per hour . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  $ 4,200.00

Disbursements . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  <u>$ 75.00</u>

Total . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  $ 34,250.00

Payment (2/25/02) (wire transfer) . . . . . . . . . . . . . . . . . . . . . -<u>$ 50,000.00</u>

**TOTAL CREDIT BALANCE** . . . . . . . . . . . . . . . . . . . . . . . . . . . .  <u>**$ 15,750.00**</u>

# EXHIBIT 4

# BRAFMAN & ROSS, P.C.

### ATTORNEYS AT LAW
### 767 THIRD AVENUE
### 26TH FLOOR
### NEW YORK, NEW YORK 10017

#### TELEPHONE: (212) 750-7800
#### FACSIMILE: (212) 750-3906

March 4, 2002

**PERSONAL & CONFIDENTIAL**
Mr. Mehdi Gabayzadeh
President and Chief Executive Officer
American Paper Corporation
300 Rabro Drive
Hauppauge, New York 11788

---

FOR PROFESSIONAL SERVICES RENDERED:

February 1, 2002 - February 28, 2002                                    <u>AMOUNT</u>

| | |
|---|---|
| Benjamin Brafman<br>19 hours at $650 per hour | $ 12,350.00 |
| Jennifer Liang<br>44 hours at $375 per hour | $ 16,500.00 |
| Paralegal<br>9 hours at $125 per hour | $ 1,125.00 |
| Saul Bienenfeld<br>12 hours at $350 per hour | $ 4,200.00 |
| Disbursements | <u>$ 75.00</u> |
| Total | $ 34,250.00 |
| Payment (2/25/02) (wire transfer) | -$ <u>50,000.00</u> |
| **TOTAL CREDIT BALANCE** | **<u>$ 15,750.00</u>** |

# BRAFMAN & ROSS, P.C.

ATTORNEYS AT LAW

767 THIRD AVENUE

26TH FLOOR

NEW YORK, NEW YORK 10017

TELEPHONE: (212) 750-7800

FACSIMILE: (212) 750-3906

April 5, 2002

**PERSONAL & CONFIDENTIAL**
Mr. Mehdi Gabayzadeh
President and Chief Executive Officer
American Paper Corporation
300 Rabro Drive
Hauppauge, New York 11788

FOR PROFESSIONAL SERVICES RENDERED:

March 1, 2002 - March 31, 2002

<u>AMOUNT</u>

| | |
|---|---|
| Benjamin Brafman<br>45 hours at $650 per hour | $ 29,250.00 |
| Jennifer Liang<br>85 hours at $375 per hour | $ 31,875.00 |
| Andrea Zellan<br>10 hours at $375 per hour | $ 3,750.00 |
| Paralegal<br>22 hours at $125 per hour | $ 2,750.00 |
| Mark Baker<br>6 hours at $450 per hour | $ 2,700.00 |
| Disbursements | $ 275.00 |
| Total | $70,600.00 |
| CREDIT BALANCE FORWARD | $ 15,750.00 |
| Balance | $ 54,850.00 |
| Payment (3/5/02) | -$ 50,000.00 |
| **TOTAL BALANCE DUE** | **$ 4,850.00** |

# BRAFMAN & ROSS, P.C.

### ATTORNEYS AT LAW
767 THIRD AVENUE

26TH FLOOR

NEW YORK, NEW YORK 10017

TELEPHONE: (212) 750-7800

FACSIMILE: (212) 750-3906

FROM:   Benjamin Brafman

TO:   Mehdi Gabayzadeh

RE:   **FEES**

DATE:   May 2, 2002

FOR PROFESSIONAL SERVICES RENDERED:

**Brafman & Ross, P.C.**

|  |  |
|---|---|
| Balance Forward | $4,850.00 |
| Current | $75,250.00 |
| Total | $80,100.00 |

**Kaplan & Katzberg**

|  |  |
|---|---|
| Current | $1,150.00 |

**TOTAL TO BE WIRED TO**
**Brafman & Ross Special Account**       $81,250.00

**"A"**

# BRAFMAN & ROSS, P.C.

### ATTORNEYS AT LAW
### 767 THIRD AVENUE
### 26TH FLOOR
### NEW YORK, NEW YORK 10017
TELEPHONE: (212) 750-7800
FACSIMILE: (212) 750-3908

May 2, 2002

**PERSONAL & CONFIDENTIAL**
Mr. Mehdi Gabayzadeh
President and Chief Executive Officer
American Paper Corporation
300 Rabro Drive
Hauppauge, New York 11788

---

FOR PROFESSIONAL SERVICES RENDERED:

April 1, 2002 - April 30, 2002                                      <u>AMOUNT</u>

Benjamin Brafman
52 ½ hours at $650 per hour . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 34,125.00

Mark Baker
9 hours at $450 per hour . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 4,050.00

Jennifer Liang
94 hours at $375 per hour . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 35,250.00

Paralegal
12 hours at $125 per hour . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 1,500.00

Disbursements . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . <u>$ 325.00</u>

Total . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 75,250.00

BALANCE FORWARD . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . <u>$ 4,850.00</u>

**TOTAL BALANCE DUE** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . <u>**$ 80,100.00**</u>

**"B"**

# BRAFMAN & ROSS, P.C.

### ATTORNEYS AT LAW
### 767 THIRD AVENUE
### 26TH FLOOR
### NEW YORK, NEW YORK 10017
#### TELEPHONE: (212) 750-7800
#### FACSIMILE: (212) 750-3906

June 5, 2002

**PERSONAL & CONFIDENTIAL**
Mr. Mehdi Gabayzadeh
President and Chief Executive Officer
American Paper Corporation
300 Rabro Drive
Hauppauge, New York 11788

FOR PROFESSIONAL SERVICES RENDERED:

May 1, 2002 - May 31, 2002                                            <u>**AMOUNT**</u>


Benjamin Brafman
40 hours at $650 per hour . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 26,000.00

Mark Baker
6 hours at $500 per hour . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 3,000.00

Jennifer Liang
65 hours at $375 per hour . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 24,375.00

Paralegal
12 hours at $125 per hour . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 1,500.00

Disbursements . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . <u>$ 575.00</u>

Total . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 55,450.00

**TOTAL BALANCE DUE** . . . . . . . . . . . . . . . . . . . . . . . . . . . . <u>**$ 55,450.00**</u>

# BRAFMAN & ROSS, P.C.

ATTORNEYS AT LAW

767 THIRD AVENUE

26TH FLOOR

NEW YORK, NEW YORK 10017

TELEPHONE: (212) 750-7800

FACSIMILE: (212) 750-3906

July 2, 2002

**PERSONAL & CONFIDENTIAL**
Mr. Mehdi Gabayzadeh
President and Chief Executive Officer
American Paper Corporation
300 Rabro Drive
Hauppauge, New York 11788

FOR PROFESSIONAL SERVICES RENDERED:

June 1, 2002 - June 30, 2002                                          **AMOUNT**

Benjamin Brafman
58 hours at $650 per hour . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 37,700.00

Mark Baker
4 hours at $500 per hour . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 2,000.00

Jennifer Liang
79 hours at $375 per hour . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 29,625.00

Paralegal
6 hours at $125 per hour . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 750.00

Disbursements
(including Chicago trip airfare, hotel & local transportation) . . . . . . . . . . . . $ 3,154.45

Total . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 73,229.45

BALANCE FORWARD . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 55,450.00

**TOTAL BALANCE DUE** . . . . . . . . . . . . . . . . . . . . . . . . **$ 128,679.45**

08/31/2004  08:48   9127503805                    BRAFMAN  MUSS

# BRAFMAN & ROSS, P.C.

### ATTORNEYS AT LAW
767 THIRD AVENUE
26TH FLOOR
NEW YORK, NEW YORK 10017
TELEPHONE: (212) 750-7800
FACSIMILE: (212) 750-3906

August 1, 2002

**PERSONAL & CONFIDENTIAL**
Mr. Mehdi Gabayzadeh
President and Chief Executive Officer
American Paper Corporation
300 Rabro Drive
Hauppauge, New York 11788

FOR PROFESSIONAL SERVICES RENDERED:

|  | **AMOUNT** |
|---|---|
| July 1, 2002 - July 31, 2002 | |
| Benjamin Brafman 24 hours at $650 per hour | $ 15,600.00 |
| Jennifer Liang 60 hours at $375 per hour | $ 22,500.00 |
| Legal Assistant 28 hours at $125 per hour | $ 3,500.00 |
| Disbursements | $ 345.00 |
| Total | $ 41,945.00 |
| BALANCE FORWARD | $ 128,679.45 |
| Balance | $ 170,624.45 |
| Payments (7/12/02) {partial wire transfer} | -$ 18,674.53 |
| (7/17/02) {partial wire transfer} | -$ 25,000.00 |
| **TOTAL BALANCE DUE** | **$ 126,949.92** |

# BRAFMAN & ROSS, P.C.

ATTORNEYS AT LAW

767 THIRD AVENUE

26TH FLOOR

NEW YORK, NEW YORK 10017

TELEPHONE: (212) 750-7800

FACSIMILE: (212) 750-3906

September 4, 2002

**PERSONAL & CONFIDENTIAL**
Mr. Mehdi Gabayzadeh
President and Chief Executive Officer
American Paper Corporation
300 Rabro Drive
Hauppauge, New York 11788

---

FOR PROFESSIONAL SERVICES RENDERED:

August 1, 2002 – August 31, 2002                                  <u>AMOUNT</u>

Benjamin Brafman
31 hours at $650 per hour . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 20,150.00

Jennifer Liang
64 hours at $375 per hour . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 24,000.00

Legal Assistant
42 hours at $125 per hour . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 5,250.00

Disbursements . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . <u>$ 350.00</u>

Total . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 49,750.00

BALANCE FORWARD . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . <u>$ 126,949.92</u>

Balance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 176,699.92

Payments (8/12/02) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -$ 26,131.94
       (8/29/02) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . <u>-$ 41,945.00</u>

**TOTAL BALANCE DUE** . . . . . . . . . . . . . . . . . . . . . . . . . . . **<u>$ 108,622.98</u>**

# BRAFMAN & ROSS, P.C.

### ATTORNEYS AT LAW

767 THIRD AVENUE

26TH FLOOR

NEW YORK, NEW YORK 10017

TELEPHONE: (212) 750-7800

FACSIMILE: (212) 750-3906

October 7, 2002

**PERSONAL & CONFIDENTIAL**
Mr. Mehdi Gabayzadeh
President and Chief Executive Officer
American Paper Corporation
300 Rabro Drive
Hauppauge, New York 11788

FOR PROFESSIONAL SERVICES RENDERED:

September 1, 2002 - September 30, 2002 <u>AMOUNT</u>

Benjamin Brafman
34 hours at $650 per hour . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 22,100.00

Jennifer Liang
46 hours at $375 per hour . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 17,250.00

Saul Bienenfeld
6 hours at $275 per hour . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 1,650.00

Disbursements . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . <u>$ 145.00</u>

Total . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 41,145.00

BALANCE FORWARD . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . <u>$ 108,622.98</u>

Balance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 149,767.98

Payment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -<u>$ 108,622.98</u>

**TOTAL BALANCE DUE** . . . . . . . . . . . . . . . . . . . . . . . . . . . . <u>**$ 41,145.00**</u>

# BRAFMAN & ROSS, P.C.

### ATTORNEYS AT LAW

767 THIRD AVENUE

26TH FLOOR

NEW YORK, NEW YORK 10017

TELEPHONE: (212) 750-7800

FACSIMILE: (212) 750-3906

December 2, 2002

**PERSONAL & CONFIDENTIAL**
Mr. Mehdi Gabayzadeh
President and Chief Executive Officer
American Paper Corporation
300 Rabro Drive
Hauppauge, New York 11788

FOR PROFESSIONAL SERVICES RENDERED:

| November 1, 2002 – November 30, 2002 | AMOUNT |
|---|---|
| Benjamin Brafman 16 hours at $650 per hour | $ 10,400.00 |
| Jennifer Liang 18 hours at $375 per hour | $ 6,750.00 |
| Saul Bienenfeld 16 hours at $275 per hour | $ 4,400.00 |
| Disbursements | $ 45.00 |
| Total | $ 21,595.00 |
| BALANCE FORWARD | $ 108,315.00 |
| Balance | $ 129,910.00 |
| Payment | -$ 41,145.00 |
| **TOTAL BALANCE DUE** | **$ 88,765.00** |

# BRAFMAN & ROSS, P.C.

ATTORNEYS AT LAW

767 THIRD AVENUE

26TH FLOOR

NEW YORK, NEW YORK 10017

TELEPHONE: (212) 750-7800

FACSIMILE: (212) 750-3906

January 6, 2003

**PERSONAL & CONFIDENTIAL**
Mr. Mehdi Gabayzadeh
President and Chief Executive Officer
American Paper Corporation
300 Rabro Drive
Hauppauge, New York 11788

FOR PROFESSIONAL SERVICES RENDERED:

December 1, 2002 - December 31, 2002                    **AMOUNT**

Benjamin Brafman
19 hours at $650 per hour . . . . . . . . . . . . . . . . . . . . . . . . . . . . $12,350.00

Jennifer Liang
18 hours at $375 per hour . . . . . . . . . . . . . . . . . . . . . . . . . . . . $6750.00

Disbursements . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $275.00

Total . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 19,375.00

BALANCE FORWARD . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 88,765.00

**TOTAL BALANCE DUE** . . . . . . . . . . . . . . . . . . . . . . . . . . . . **$108,140.00**

# BRAFMAN & ROSS, P.C.

ATTORNEYS AT LAW

767 THIRD AVENUE

26TH FLOOR

NEW YORK, NEW YORK 10017

TELEPHONE: (212) 750-7800

FACSIMILE: (212) 750-3906

February 10, 2003

**PERSONAL & CONFIDENTIAL**
Mr. Mehdi Gabayzadeh
President and Chief Executive Officer
American Paper Corporation
300 Rabro Drive
Hauppauge, New York 11788

FOR PROFESSIONAL SERVICES RENDERED:

January 1, 2003 - January 31, 2003                    <u>AMOUNT</u>

Benjamin Brafman
27 hours at $650 per hour . . . . . . . . . . . . . . . . . . . . . . .  $17,550.00

Jennifer Liang
21 hours at $375 per hour . . . . . . . . . . . . . . . . . . . . . . .  $7,875.00

Disbursements . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  <u>$175.00</u>

TOTAL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  $25,600.00

BALANCE FORWARD . . . . . . . . . . . . . . . . . . . . . . . . . .  <u>$108,140.00</u>

BALANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  $133,740.00

Payment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  <u>-$109,000.00</u>

**TOTAL BALANCE DUE** . . . . . . . . . . . . . . . . . . . . . . .  <u>**$24,740.00**</u>

# BRAFMAN & ROSS, P.C.

### ATTORNEYS AT LAW

767 THIRD AVENUE

26TH FLOOR

NEW YORK, NEW YORK 10017

TELEPHONE: (212) 750-7800

FACSIMILE: (212) 750-3906

March 6, 2003

**PERSONAL & CONFIDENTIAL**

Mr. Mehdi Gabayzadeh
President and Chief Executive Officer
American Paper Corporation
300 Rabro Drive
Hauppauge, New York 11788

FOR PROFESSIONAL SERVICES RENDERED:

| | AMOUNT |
|---|---|
| February 1, 2003 - February 28, 2003 | |
| Benjamin Brafman<br>43 ½ hours at $650 per hour | $ 28,275.00 |
| Jennifer Liang<br>78 hours at $375 per hour | $ 29,250.00 |
| Paralegal Hours<br>11 hours at $125 per hour | $ 1,375.00 |
| Disbursements | $ 1,144.00 |
| TOTAL | $ 60,044.00 |
| Balance Forward | $ 24,740.00 |
| BALANCE | $ 84,784.00 |
| Fee Returned to Berger-Singerman | $ 45,000.00 |
| **TOTAL BALANCE DUE** | **$ 129,784.00** |

# BRAFMAN & ROSS, P.C.

ATTORNEYS AT LAW

767 THIRD AVENUE

26TH FLOOR

NEW YORK, NEW YORK 10017

TELEPHONE: (212) 750-7800

FACSIMILE: (212) 750-3906

March 18, 2003

**PERSONAL & CONFIDENTIAL**

Mr. Mehdi Gabayzadeh
President and Chief Executive Officer
American Paper Corporation
300 Rabro Drive
Hauppauge, New York 11788

---

FOR PROFESSIONAL SERVICES RENDERED:

**AMOUNT**

March 1, 2003 - March 17, 2003

| | |
|---|---|
| Benjamin Brafman<br>62½ hours at $650 per hour | $40,625.00 |
| Jennifer Liang<br>74 hours at $375 per hour | $27,750.00 |
| Andrea Zellan<br>46 hours at $375 per hour | $17,250.00 |
| Paralegal Hours<br>31 hours at $125 per hour | $3,875.00 |

**Disbursements:**

| | |
|---|---|
| Donald Waskover, Esq.<br>Legal Fees and New Jersey **Mortgage** Filing Costs | $4,480.00 |
| Oregon Deposition Costs | |
| Transcript | $458.00 |
| Transcript | $114.30 |
| Transportation, Lodging, Local Travel, Misc. | $1,259.00 |
| Miscellaneous Expenses | |
| Car Service Costs Re: Bail | |
| Proceedings Central Islip; Messengers; | |
| Federal Express; Photocopies; etc | $844.00 |

| | |
|---|---|
| **TOTAL** | **$96,655.30** |
| Balance Carried Forward | $129,784.00 |
| **BALANCE** | **$226,439.30** |
| Payment (Wire 3/18/03) | -$64,740.00 |
| **TOTAL BALANCE DUE** | **$161,699.30** |

# BRAFMAN & ROSS, P.C.

ATTORNEYS AT LAW

767 THIRD AVENUE

26TH FLOOR

NEW YORK, NEW YORK 10017

TELEPHONE: (212) 750-7800

FACSIMILE: (212) 750-3906

June 16, 2003

**PERSONAL AND CONFIDENTIAL**
Mr. Mehdi Gabayzadeh
President and Chief Executive Officer
American Paper Corporation
300 Rabro Drive
Hauppauge, New York 11788

FOR PROFESSIONAL SERVICES RENDERED:

**AMOUNT**

Revised Pre-trial
Fee Agreement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $500,000.00

**PAYMENT DUE**
**(On or before June 30, 2003)** . . . . . . . . . . . . . . . . . . . . . . . . **$100,000.00**

# BRAFMAN & ROSS, P.C.

ATTORNEYS AT LAW

767 THIRD AVENUE

26TH FLOOR

NEW YORK, NEW YORK 10017

TELEPHONE: (212) 750-7800

FACSIMILE: (212) 750-3906

February 11, 2004

## PERSONAL & CONFIDENTIAL
Mr. Mehdi Gabayzadeh
President and Chief Executive Officer
American Paper Corporation
300 Rabro Drive
Hauppauge, New York 11788

FOR PROFESSIONAL SERVICES RENDERED:

Trial Fee . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $500,000.00

Payment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -$50,000.00
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -$50,000.00

BALANCE DUE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **$400,000.00**

# BRAFMAN & ROSS, P.C.

### ATTORNEYS AT LAW

767 THIRD AVENUE

26TH FLOOR

NEW YORK, NEW YORK 10017

TELEPHONE: (212) 750-7800

FACSIMILE: (212) 750-3906

March 4, 2004

## PERSONAL & CONFIDENTIAL

Mr. Mehdi Gabayzadeh
President and Chief Executive Officer
American Paper Corporation
300 Rabro Drive
Hauppauge, New York 11788

FOR PROFESSIONAL SERVICES RENDERED:

Balance Forward
Pre-trial Fee . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $400,000.00

Disbursements . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $115.00

TOTAL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $400,115.00

Payment (3/1/04) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -$50,000.00

**BALANCE DUE** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **$350,115.00**

06/08/2005  17:47    2127503906                    BRAFMAN ROSS                    PAGE 02

# BRAFMAN & ASSOCIATES, P.C.

ATTORNEYS AT LAW
767 THIRD AVENUE
26TH FLOOR
NEW YORK. NEW YORK 10017
TELEPHONE: (212) 750-7800
FACSIMILE: (212) 750-3906

June 8, 2005

**PERSONAL & CONFIDENTIAL**
Mr. Joseph Neissany
41 West 33rd Street
Bayonne, New Jersey 07002

---

FOR PROFESSIONAL SERVICES RENDERED:                                    **AMOUNT**

May 1, 2005 - May 31, 2005

As per retainer agreement,
payment due June 10, 2005  . . . . . . . . . . . . . . . . . . . . . . . . . .  $100,000.00

**TOTAL BALANCE DUE**  . . . . . . . . . . . . . . . . . . . . . . . . . .  **$100,000.00**

Please make all checks payable to Brafman & Associates **not** Brafman & Ross.

cc:   John Gabayzadeh *[Via Telefax 516-706-2352]*